**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUN CHENYAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE PARTNERSHIPS AND )<br>UNINCORPORATED )<br>ASSOCIATIONS IDENTIFIED ON )<br>SCHEDULE "A" )<br>)<br>Defendants. )<br>_____ ) | Case No. |

**COMPLAINT**

Plaintiff, SUN CHENYAN (hereinafter "SUN CHENYAN" or "Plaintiff"), by and through her counsel, FORD BANISTER IP, hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A, attached hereto as Exhibit 2, (collectively, "Defendants") and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked under 17 U.S.C. §§ 101-1332 as the Plaintiffs' cause of action arises under the Copyright Act; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

2. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District.

1

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one.

## INTRODUCTION

4. SUN CHENYAN is the owner of Copyright Registration Nos. VA 2-111-313 which has an effective registration date of July 11, 2018. A true and correct copy of Plaintiff's copyright registration, with samples, is attached hereto as Exhibit 1. (hereinafter, the "SU.CHENY Works")

5. This action has been filed by SUN CHENYAN to combat the willful and intentional infringement of her copyrighted creative SU.CHENY Works. Defendants illegally reproduced and distributed Plaintiff's copyrighted SU.CHENY Works on at least the Wish platform, and upon information and belief, continue to do the same.

## THE PLAINTIFF

6. Plaintiff SUN CHENYAN is a sole proprietor having her principal place of business at 74 Baxter Road, Unit D, Storrs Mansfield, CT 06268.

7. Plaintiff is engaged in the business of designing, manufacturing and retailing elegant and tasteful wedding shoes under her federally registered SU.CHENY mark and utilizing her copyrighted SU.CHENY Works.

**THE DEFENDANTS**

8. Defendants are individuals and businesses who conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive online marketplaces identified in Schedule A, Exhibit 2. Each Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell products to consumers within the United States, including Illinois and in this Judicial District, utilizing, without authorization, Plaintiff's SU.CHENY Works.

9. Defendants' Wish stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' copyright infringement. Plaintiff has been and continues to be irreparably damaged through loss of control over her creative content and tarnishment of her copyright as a result of Defendants' actions and seeks injunctive and monetary relief.

10. While Defendants' identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are primarily individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Tactics used by Defendants to

conceal their identities and the full scope of their operations make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## COUNT I
## COPYRIGHT INFRINGEMENT 17 U.S.C. § 501(a)

11. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

12. Plaintiff's copyrighted SU.CHENY Works have significant value and have been produced and created at considerable expense.

13. Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted SU.CHENY Works. The SU.CHENY Works are the subject of a valid copyright registration. (Exhibit 1).

14. Among the rights granted to Plaintiff is the exclusive right to market and sublicense the right to copy, reproduce, and display the SU.CHENY Works and make derivative works thereof.

15. Plaintiff's SU.CHENY Works have never been assigned or licensed to any of the Defendants in this matter.

16. Defendants had access to the copyrighted SU.CHENY Works through Plaintiff's normal online business activities. The SU.CHENY Works are prominently featured on Plaintiff's online storefronts so that anyone accessing the online storefronts cannot avoid viewing the SU.CHENY Works. After accessing the SU.CHENY Works, Defendants wrongfully created

copies of the copyrighted works without Plaintiff's consent and engaged in acts of widespread infringement.

17. Plaintiff is informed and believes and thereon alleges that Defendants further infringed the SU.CHENY Works by producing and distributing reproductions without Plaintiff's permission.

18. Each Defendant, without the permission or consent of the Plaintiff, has and continues to infringe the SU.CHENY Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

19. On information and belief, Defendants knew of Plaintiff's copyright and knew their acts constituted copyright infringement.

20. As a direct result of Defendants acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyright. Plaintiff is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to their infringement.

21. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, in disregard of, and with indifference to the rights of the Plaintiff.

**JURY DEMAND**

22. Plaintiff hereby demands a jury trial in this case.

(Prayer for Relief, Date and Signature on the Following Page)

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, SUN CHENYAN, prays for judgment against Defendants as follows:

1) That the Court enter a judgment against Defendants that they have infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501 and that such infringement was willful;

2) That the Court issue injunctive relief against Defendants, and that Defendants and all others in active concert with Defendants, be enjoined and restrained from further violation of Plaintiffs' copyrights and required to destroy all copies of those copyrighted files in each Defendant's possession, custody, or control;

3) For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

4) For Plaintiff's costs;

5) For Plaintiff's reasonable attorneys' fees; and

6) For such other and further relief as the Court deems appropriate.

Respectfully submitted this 26th day of September, 2019,

/s/ L. Ford Banister, II
FORD BANISTER IP
244 5th, Avenue, Ste. 1888
New York, NY 10001
Mailing Address
PO Box 3514 PMB 23332
New York, NY 10008
Telephone: U.S No. 212-574-8107
Fax: (646) 365-3459
Email: ford@fordbanister.com
*Attorney for Plaintiff*
