IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUN CHENYAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6381 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| DAISY XIE, JING ZHANG, | ) | Mag. Judge Sheila M. Finnegan |
| MING JIE GUO, XIAO JIE ZHONG, | ) | |
| VIVI FANG, GARMENT OUTLETS, | ) | |
| TRENDYSHOW, FUNNYTRUMP, | ) | |
| POPPYHENLER, BOOMBOOM123, | ) | |
| FASHIONFORGIRLS, QIAN NI TRADE, | ) | |
| BEAUTYFACTORY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO VACATE THE BRIEFING SCHEDULE ON
PROSPECTIVE MOTION TO DISQUALIFY DYKEMA GOSSETT, PLLC
AS COUNSEL OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Plaintiff, SUN CHENYAN (hereinafter "Sun Chenyan" or "Plaintiff"), by and through her counsel, Ford Banister IP, and moves this Honorable Court, to Vacate the Briefing Schedule on Her Prospective Motion to Disqualify Dykema Gossett, PLLC as Counsel or, In the Alternative, For Extension of Time. In support of her requests, Plaintiff states as follows:

Relevant Background and Procedural History

1. On July 7, 2020, Plaintiff moved to compel the Defendants in the instant case, all of whom are represented by Dykema Gossett, PLLC, with Mr. Michael P. Adams and Mr. Steven Zeller appearing as counsel of record, to respond to Plaintiff's expedited discovery requests. [Doc. 49].

2. Defendants responded to Plaintiff's motion to compel on July 20, 2020. [Doc. 58]

1

3. On July 21, 2020, the Court ordered the parties to conduct a second conference on the issues set out in Plaintiff's motion to compel. [Doc. 60]

4. In adherence to the Court's order requiring further attempts to resolve discovery disputes, [Id.] Plaintiff promptly initiated contact with Defendants on or about July 22, 2020. The parties held a second conference via Zoom on August 5, 2020 which was attended by Mr. L. Ford Banister and Mr. Charles E. McElvenny for Plaintiff and Mr. Steven Zeller for Defendants. The parties have continued to correspond via email regarding unresolved discovery matters. True copies of communications between the parties, which have taken place through two separate email chains, are attached hereto as Exhibits One and Two.

5. Following its order of July 21, 2020 requiring further conference, [Id.] the parties appeared before this Court for status hearings on August 6 and August 20, 2020. [Docs. 63 & 64]

6. At the August 6, 2020 status hearing, Plaintiff apprised the Court of the fact that she had presented a motion to disqualify Dykema Gossett, PLLC as counsel in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.), now pending before the Honorable John F. Kness and the basis for the motion. The Court noted overlapping issues in both cases.

7. On August 6, 2020, Judge Kness set a briefing schedule on Plaintiff's motion to disqualify Dykema Gossett, PLLC as counsel in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) and did not permit the defendants represented by Dykema Gossett, PLLC to proceed at the evidentiary hearing on Plaintiff's motion for preliminary injunction that took place on the same day. [Id. at Doc. 146]

8. At the status hearing before this Court on August 20, 2020, Plaintiff apprised the Court of developments in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) and

2

indicated that she intended to submit a motion to disqualify Dykema Gossett, PLLC in this case on similar grounds.

9.  On August 20, 2020, the Court set a briefing schedule on Plaintiff's prospective motion to disqualify Dykema Gossett, PLLC, requiring Plaintiff to submit her motion by August 25, 2020 with Defendants' response due September 3, 2020 and Plaintiff's reply due on September 10, 2020. [Doc. 64]

10. Plaintiff now moves to vacate the briefing schedule on her prospective motion to disqualify, or, in the alternative, requests an extension of time.

Argument

11. At the status conference before this Court on August 20, 2020, counsel for Defendants, Mr. Michael P. Adams, indicated to the Court that the Defendants that he represents in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) would, in response to Plaintiff's motion to disqualify in that case, provide Plaintiff with an updated retainer agreement signed by all Defendants.

12. On August 21, 2020, Defendants represented by Dykema Gossett, PLLC in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) presented their opposition to Plaintiff's motion to disqualify them in that case and an updated retainer agreement, filed under seal, that purports to memorialize Dykema Gossett PLLC's representation of the Defendants in that case only.

13. Although Mr. Zeller confirmed at the discovery conference of August 6, 2020, that the Defendants represented by Dykema Gossett, PLLC in 20-cv-220 and the instant case were retained pursuant the same unsigned retainer agreement produced to Plaintiff by the

3

Defendants represented by Dykema Gossett, PLLC in 20-cv-220, the Defendants herein have failed, to date, to provide any retainer agreement in response to Plaintiff's discovery requests. In the instant case. See *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) (Doc. 143)

14. Due to Defendants' continued and persistent intransigence in discovery, Plaintiff is unable to proceed on a motion to disqualify Dykema Gossett, PLLC in the instant case.

15. In order to avoid filing of the instant motion, Plaintiff contacted Defendants on or about August 23, 2020 to apprise them of these obvious circumstances and to inquire as to whether Defendants would oppose Plaintiff's request to vacate the briefing scheduling set by the Court at Doc. 64. The crux of the Defendants' abbreviated response, conveyed via email of August 25, 2020, is succinctly stated as follows:

> "Furthermore, Plaintiff's efforts to disqualify Dykema Gossett PLLC are inconsistent with Plaintiff's expectations that Dykema Gossett PLLC continue to represent Defendants and provide supplemental document production and other discovery. Plaintiff cannot have it both ways."

[Unquote] [Ex. 1 at 2]

16. No stay of discovery or proceedings has been entered or requested, either in this case or in 20-cv-220. The Court has entered and continued ruling on Plaintiff's motion to compel on which it previously ordered the parties to confer further. [Doc. 64] Plaintiff respectfully submits the Defendants' current position, that they will not provide further discovery or otherwise proceed to move the case forward, where they have made clear that they oppose any effort by Plaintiff to disqualify their current counsel, is unreasonable and tends to needlessly delay and multiply the proceedings.

17. Further, the retainer agreement placed on record in 20-cv-220 identifies a certain individual in China as the "primary contact" for all Defendants but sets out that she is not a

4

client. This individuals' name and signature alone appears on the retainer agreement with purported signatures of the actual defendants therein appended on multiple following pages.

18. On November 27 and December 3, 2019, an individual identifying herself as "Alice L" contacted Plaintiff's counsel on behalf of two of the Defendant Online Stores here and attempted to negotiate settlements on their behalf. True copies of these communications are attached hereto as Exhibits Three and Four.

19. It appears likely, if not certain, that "Alice L" is a Chinese "agent" who has offered her services to the Defendants herein and in 20-cv-220 to solve the legal problems they face in both cases for a fee. Plaintiff did not respond to the communications contained in Exhibits C and D as it is the policy of Plaintiff's firm not to respond to inquiries under these circumstances as doing so likely constitutes the enablement of the unauthorized practice of law. The activities of Chinese agents of this type has previously been the subject of litigation in this judicial district. See *Banister v. Firestone*, Case No. 17-cv-8940 at *3 (N.D. Ill., Sept. 5, 2018)

20. In addition to matters regarding conflicts that may prohibit Dykema Gossett PLLC from proceeding as counsel to Defendants in this case, it is likely that "Alice L" is properly enjoined from the unauthorized practice of law as per the applicable provisions of the Illinois Attorney Act. (705 ILCS 205/)

21. As the relationship of "Alice L" to the Defendants in either this case or 20-cv-220 is now unclear, it is necessary for Plaintiff to pursue additional discovery from Defendants. Specifically, Plaintiff will require Defendants to identify any individual who has had contact with Dykema Gossett PLLC and to state the date, time and means of communication utilized. "It has been held that as a general rule the attorney-client privilege does not extend to the identity of

5

an attorney's client." *Taylor v. Taylor*, 359 N.E.2d 820, 45 Ill.App.3d 352, 3 Ill.Dec. 961 (Ill.App. 5 Dist., 1977) (citations omitted) "T]he fact of communication between a known client and his attorney is not a privileged communication. Attorneys may be questioned as to their clients' whereabouts and whether they have had contact with them." *Walsh, Matter of*, 623 F.2d 489 (7th Cir., 1980) citing *In re Grand Jury Subpoenas Served upon Field*, 408 F.Supp. 1169 (S.D.N.Y.1976) (internal citation omitted) Judge Kness, in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.), has already found the objections of the Defendants' represented by Dykema Gossett, PLLC, made without citation to any authority whatsoever, to be meritless. [Id., Doc. 143 at 2-3]

22. Plaintiff will further require Defendants to provide documents identifying the payor of any retainer Dykema Gossett, PLLC showing the method of payment, including the payment account, as well as the date and time of dispatch and receipt of any payments sent or received. Objections to similar requests by the Defendants represented by Dykema Gossett, PLLC in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) have already likewise been properly overruled by Judge Kness. [Id.] See *In re Michaelson*, 511 F.2d 882, 888 (9th Cir.), cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975) ("[I]nformation concerning the fee arrangement between an attorney and his client, or the existence of the attorney-client relationship is not privileged or protected by the attorney-client privilege.")

23. Finally, Plaintiff will further seek information regarding the relationship, if any, of "Alice L" to Defendants in this case including any contracts for services and communications.

24. The instant motion is not interposed for delay and is not opposed by Defendants other than to the extent that it "place(s) any blame on Defendants." [Ex. 1 at 2]

25. The Court's grant of the instant motion is in the interest of judicial efficiency as the parties will proceed to brief matters delineated herein on a complete evidentiary record, including transcripts of proceedings before this Court on July 21, August 6 and August 20, 2020, ordered by Plaintiff, and without the anticipated need for additional discovery.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that the Court grant the following relief:

a) That the briefing schedule set by the Court on Plaintiff's prospective motion to disqualify Dykema Gossett PLLC be vacated, or, in the alternative, that the Court extend the schedule for a minimum of fourteen days;

b) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 25th day of August, 2020,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*

(Verification on the Following Page)

7

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief at the time of presentation.

Executed on this 25th day of August, 2020 at Hua Hin, Prachuap Khiri Khan Province, Thailand.

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*