**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUN CHENYAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6381 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| DAISY XIE, JING ZHANG, | ) | Mag. Judge Sheila M. Finnegan |
| MING JIE GUO, XIAO JIE ZHONG, | ) | |
| VIVI FANG, GARMENT OUTLETS, | ) | |
| TRENDYSHOW, FUNNYTRUMP, | ) | |
| POPPYHENLER, BOOMBOOM123, | ) | |
| FASHIONFORGIRLS, QIAN NI TRADE, | ) | |
| BEAUTYFACTORY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO**
**ENJOIN THE UNAUTHORIZED PRACTICE OF LAW, TO DISQUALIFY**
**DYKEMA GOSSETT, PLLC AS COUNSEL AND FOR CONTEMPT**

**TABLE OF CONTENTS**

Page

I.      BACKGROUND AND RELEVANT PROCEDURAL HISTORY.............................5-6

II.     SUMMARY OF THE ARGUMENT............................................................................6-7

III.    ARGUMENT

      a)      This Court Has Jurisdiction to Enjoin and to Punish by Contempt the
              Unauthorized Practice of Law in Violation of the Illinois Attorney Act..........7-8

      b)      The Instant Motion is Brought in the Context of a Legal Practice Area that Is
              Rife with Fraud by Overseas Actors................................................................8-11

      c)      Alice Luo has Engaged in and is Properly Enjoined from the Unauthorized
              Practice of Law...............................................................................................11-14

      d)      Dykema Should be Enjoined from Enabling the Unauthorized Practice of
              Law and is Properly Disqualified..................................................................14-17

      e)      Alice Luo Should be Held in Contempt for the Unauthorized Practice of
              Law.................................................................................................................17-18

IV.     CONCLUSION AND PRAYER FOR RELIEF.........................................................18-20

## TABLE OF AUTHORITIES

**Cases**                                                                                                **Page**

*Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.)....................................5-6

*King v. First Cap. Fin. Servs. Corp.*, 215 Ill. 2d 1, 24, 828 N.E.2d 1155, 1168 (2005)...........7, 13

*Richard F. Mallen & Assocs., Ltd. v. Myinjuryclaim.com Corp.*,
329 Ill. App. 3d 953, 956, 769 N.E.2d 74, 76 (1st Dist. 2002)................................7, 13

*United States v. Johnson*, 327 F.3d 554 (7th Cir. 2003)....................................................7

*Blair v. Supportkids, Inc.*, 222 F. Supp. 2d 1038, 1044-45 (N.D. Ill. 2002)................................8

*Edelson PC v. Bandas Law Firm PC*, Case No. 16-cv-11057 (N.D. Ill., July 20, 2018).............8

*Banister v. Firestone*, Case No. 17-cv-8940 (N.D.Ill.)..................................................8, 10-11, 19

*Creative Impact, Inc. et al. v. Kissymytwins, et al.*, Case No. 19-cv-5630 (N.D. Ill.)...................9

*Wesley Corporation v. Kissmytwins, et al.*, Case No. 18-cv-4405 (N.D. Ill.)..............................9

*Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).........................................11

*Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)....................................11-12

*People ex rel. Courtney v. Assoc. of Real Estate Taxpayers of Ill.*,
354 Ill. 102, 109-10, 187 N.E. 823, 826 (1933)................................................................12

*People v. Peters*, 10 Ill. 2d 577, 581-82, 141 N.E.2d 9, 11 (1957)..............................................12

*Lozoff v. Shore Heights, Ltd.*, 66 Ill. 2d 398, 401-02, 362 N.E.2d 1047, 1048-49 (1977)...........12

*Safeway Insurance Co. v. Spinak*, 641 N.E.2d 834, 835-6 (Ill. App. Ct. 1994)..........................13

*LONDON & LANCASHIRE I. CO. OF AMERICA v. Duner*, 135 F.2d 895,
146 ALR 1119 (7th Cir. 1943)......................................................................................13

*Foodcomm Int'l v. Barry*, 328 F.3d 300, 305 & n.2 (7th Cir. 2003).........................................13

*In re Chandler*, 161 Ill.2d 459, 204 Ill.Dec. 249, 641 N.E.2d 473 (1994)...............................13

*In re Doyle*, 144 Ill.2d 451, 163 Ill.Dec. 515, 581 N.E.2d 669 (1991).......................................13

**Cases**  **Page**

*Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010).........................................................14

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)........................................................14

*Oakland Police and Fire Retirement System v. Mayer Brown, LLP*,
861 F.2d 644, 651-52 (7th Cir. 2017)...........................................................................16

*Doe v. Nielsen*, 883 F.3d 716, 719 (7th Cir. 2018).......................................................16

*In re Michaelson*, 511 F.2d 882, 888-9 (9th Cir.),
cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975)............................16

*United States Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 692 (7th Cir., 2010).....................17

**Rules/Statutes**  **Page**

Fed.R.Civ.P. 55(a)............................................................................................................6

705 ILCS 205/1.......................................................................................................7, 15, 17

*Requirement of U.S. Licensed Attorney for Foreign Trademark Applicants
and Registrants*, 84 Fed. Reg. 31498 (July 2, 2019).....................................................8

LR 83.16..............................................................................................................................9

LR 83.15........................................................................................................................17, 9

Federal Rule of Civil Procedure 65(d)(2)(B)(C).............................................................15

ABA Model Rule 5.5(a)....................................................................................................15

Ill. R. Prof'l Conduct (2010) R. 5.5 ................................................................................15

LR 83.12(a)...................................................................................................................17-18

**Other Sources**

ISBA Ethics Opinion 705.................................................................................................15

ISBA Ethics Opinion 12-09........................................................................................15-16

## I.      BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiff filed her initial complaint in the instant civil action on September 26, 2019. [Doc. 1] Plaintiff named as Defendants the following eight online stores doing business on the ecommerce platform operated by ContextLogic, Inc. dba Wish.com (hereinafter, "Wish.com"): GARMENT OUTLETS, TRENDYSHOW, FUNNYTRUMP, POPPYHENLER, BOOMBOOM123, FASHIONFORGIRLS, QIAN NI TRADE and BEAUTYFACTORY. (hereinafter, "the Defendant Internet Stores") [Id. at 1; Doc. 2] On November 27 and December 3, 2019, an individual identifying herself as "Alice L" contacted Plaintiff's counsel on behalf of two of the Defendant Online Stores here and attempted to negotiate settlements on their behalf. [Docs. 71 at ¶ 12; 71-10-11] On February 20, 2020, Mr. Michael P. Adams of Dykema Gossett, PLLC (hereinafter, "Dykema") made an entry of appearance for all Defendant Internet Stores. [Doc. 35] On February 28, 2020, Mr. Steven M. Zeller of Dykema also made an entry of appearance for all Defendant Internet Stores. [Doc. 37] On August 4, 2020, Judge John F. Kness entered an order on Plaintiff's motion to compel in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) requiring a subset of defendants represented by Dykema therein to provide Plaintiff with a copy of any retainer agreement under which Dykema performs legal services for the defendants therein. [Id., Doc. 141 at 3]  On August 5, 2020, Mr. Michael P. Adams forwarded to Plaintiff, via email, an unsigned retainer agreement. In this email Mr. Adams states as follows:

> We will amend our interrogatory answers, but Ms. Alice Luo is my intermediary/contact person between my firm and the Adams/Dykema Defendants and she is not a client.

[Unquote] [Docs. 71 at ¶ 15; 71-14]

On August 5, 2020, Plaintiff's counsel, undersigned L. Ford Banister, II and Mr. Charles E. McElvenny conferred, via Zoom, with Mr. Steven Zeller, counsel for the Dykema Defendants, regarding discovery matters in this case. [Doc. 71-5] In this conference, Mr. Zeller confirmed that the unsigned retainer agreement, which references no specific defendant online stores in either case, covers their representation of defendants in both 20-cv-220 and in 19-cv-6381. [Id. at 7, 9; 71-14] At the status hearing before this Court on August 20, 2020, Plaintiff apprised the Court of developments in *Sun v. The Partnerships, et al.*, Case No. 20-cv-220 (N.D. Ill.) and indicated that she intended to submit a motion to disqualify Dykema in this case on grounds similar to those supporting her motion to disqualify Dykema in 20-cv-220. On August 20, 2020, the Court set a briefing schedule on Plaintiff's prospective motion to disqualify Dykema, requiring Plaintiff to submit her motion by August 25, 2020 with Defendants' response due September 3, 2020 and Plaintiff's reply due on September 10, 2020. [Doc. 64] On August 26, 2020, Plaintiff moved unopposed to vacate the briefing schedule on the prospective motion to disqualify Dykema. [Doc. 65] The Court granted Plaintiff's motion to vacate the briefing schedule on August 31, 2020. [Doc. 66] On September 15, 2020, the Court granted Plaintiff's motion for entry of default [Doc. 76] and entered default against all Defendant pursuant to Fed.R.Civ.P. 55(a). [Doc. 78] Plaintiff now submits the instant motion to enjoin Alice Luo from the unauthorized practice of law, to disqualify Dykema from further representation of Defendants in the instant case and for a finding of contempt as authorized by and for violation of the Illinois Attorney Act.

## II.     SUMMARY OF THE ARGUMENT

This Court has jurisdiction to enjoin and to punish by contempt the unauthorized practice of law in violation of the Illinois Attorney Act. The instant motion is brought in the context of a

practice area that is rife with fraud by overseas actors. Alice Luo has engaged in and is properly enjoined from the unauthorized practice of law. Dykema should be enjoined from enabling the unauthorized practice of law and is properly disqualified. Alice Luo should be held in contempt for the unauthorized practice of law.

## III.    ARGUMENT

### a)    This Court Has Jurisdiction to Enjoin and to Punish by Contempt the Unauthorized Practice of Law in Violation of the Illinois Attorney Act

The Illinois Attorney Act states that "[n]o person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State" and, furthermore, that "[n]o person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney[.]" 705 ILCS 205/1. The Illinois Supreme Court has held that aggrieved parties may sue for injunctive relief. *King v. First Cap. Fin. Servs. Corp.*, 215 Ill. 2d 1, 24, 828 N.E.2d 1155, 1168 (2005). Other attorneys and law firms have standing to sue for such an injunction "[b]ecause the practice of law by an entity not licensed constitutes an infringement upon the rights of those who are properly licensed." *Richard F. Mallen & Assocs., Ltd. v. Myinjuryclaim.com Corp.*, 329 Ill. App. 3d 953, 956, 769 N.E.2d 74, 76 (1st Dist. 2002); see also *King*, 215 Ill. 2d at 26, 828 N.E.2d at 1169 (same). Both Plaintiff, as an aggrieved party, and her counsel, as members of the General Bar of this Court, with Mr. Charles McElvenny being licensed to practice in Illinois, have standing to bring the instant motion.

In *United States v. Johnson*, 327 F.3d 554 (7th Cir. 2003), the Seventh Circuit established that the inherent disciplinary powers of the federal courts exist in tandem with the statutory penalties outlined in the Illinois Attorney Act. *Id.* at 560-61 (rejecting the appellant's efforts to raise the Illinois Attorney Act as a defense against discipline imposed by other means). Though

rarely invoked, courts in the Northern District of Illinois uniformly entertain actions brought pursuant to the Illinois Attorney Act. See e.g., *Blair v. Supportkids, Inc.*, 222 F. Supp. 2d 1038, 1044-45 (N.D. Ill. 2002) (finding that the plaintiff stated a claim for relief under the Illinois Attorney Act) (St. Eve, J.); *Edelson PC v. Bandas Law Firm PC*, Case No. 16-cv-11057 (N.D. Ill., July 20, 2018) (rejecting argument that Illinois Attorney Act is not enforceable in federal court) (Pallmeyer, J.) and *Banister v. Firestone*, Case No. 17-cv-8940 (N.D.Ill.) (Docs. 11 at 2; 25 at 3; 63 at 3) (entering *ex parte* TRO, preliminary injunction and final judgment order enjoining the unauthorized practice of law pursuant to the Illinois Attorney Act) (Castillo, J.)

> **b)** **The Instant Motion is Brought in the Context of a Legal Practice Area that Is Rife with Fraud by Overseas Actors**

Crossborder intellectual property practice is rife with fraud by foreign criminal elements. Effective August 3, 2019, the U.S. Patent and Trademark Office (USPTO) revised the rules in parts 2, 7, and 11 of title 37 of the Code of Federal Regulations to require foreign applicants, registrants, or parties to a proceeding to be represented by an attorney. *Requirement of U.S. Licensed Attorney for Foreign Trademark Applicants and Registrants*, 84 Fed. Reg. 31498 (July 2, 2019). Chief among the reasons for the implementation of this policy is that "the USPTO has seen many instances of unauthorized practice of law (UPL) where foreign parties who are not authorized to represent trademark applicants are improperly representing foreign applicants before the USPTO. As a result, increasing numbers of foreign applicants are likely receiving inaccurate or no information about the legal requirements for trademark registration in the U.S., such as the standards for use of a mark in commerce, who can properly aver to matters and sign for the mark owner, or even who the true owner of a mark is under U.S. law. This practice raises legitimate concerns that affected applications and any resulting registrations are potentially invalid, and thus negatively impacts the integrity of the trademark register." *Id*. In further

explaining the need for the rule change, the USPTO set out in detail the methods used by those engaged in the unauthorized practice of law before it, the agency's efforts and inability to counter them, the harm caused to applicants and the threat to the integrity of the trademark and patent registration system itself. *Id*. at 31499.

Such fraudulent activities by foreign actors in intellectual property matters are not limited to filings before the USPTO. In *Creative Impact, Inc. et al. v. Kissymytwins, et al.*, Case No. 19-cv-5630 (N.D. Ill.) (Bucklo, J.), on October 11, 2019, an answer, setting forth twenty-four affirmative defenses, was filed on behalf of Doe No. 10, Defendant Kissymytwins, under the signature of Simon Timothy Barnes. [Id., Doc. 36 at 12] The signature block does not include the name of a law firm, a bar number or a telephone number. The signature line does show an address and email address: "Suite SG-2151-1939, SL3 0ED Colnbrook, Berkshire, United Kingdom, thinksolutions-legal@yahoo.com." [Id.] Similarly, in *Wesley Corporation v. Kissymytwins, et al.*, Case No. 18-cv-4405 (N.D. Ill.) (J., Lienenweber), on August 6, 2018, an answer was filed on behalf of Doe No. 45, Defendant Kissymytwins, setting forth twenty-four affirmative defenses. [Id. at Doc. 27] The signature block on the answer is as follows: "Simon Timothy Barnes BARNES PARTNERS LAW LLP Suite SG-2151-1939, SL3 0ED Colnbrook, Berkshire, United Kingdom legal@barnespartnerslaw.com Corporate Counsel for Defendant Doe 45." [Id. at 12]

Review of the docket in 19-cv-5630 shows that no entry of appearance was made as required by LR 83.16. Likewise, review of the docket in 18-cv-4405 shows that no entry of appearance was made as required by LR 83.16. In neither case did the purported filer designate local counsel as required by LR 83.15. The reason that these rules were not complied with is unfortunately apparent: These were not filings made by a licensed U.S. attorney much less a

member of the General Bar of this Court or even an errant British barrister or solicitor as might be suggested by the address. Upon a thorough search by undersigned counsel, no such person or firm exists in the United States or the United Kingdom. Moreover, quite tragically, though perhaps to the amusement of our esteemed bewigged colleagues of the Queen's Bar, the British Solicitor's Regulatory Authority, the equivalent of the Illinois Attorney Regulatory and Disciplinary Commission, detected this fraud and issued an alert on April 12, 2019,[1] specifically referencing the address used on both filings and the email address used in the filing in 18-cv-4405.[2] [See attached Exhibit One] Such a bold fraud on nothing less than a United States federal district court reveals a marked vulnerability in our provision of open access to the judicial system that is easily exploited by criminal elements, acting with perceived impunity, through the anonymity of the internet.

Unfortunately, the instant case is not the first time that the issue of the unauthorized practice of law by foreign actors as enabled by attorneys authorized to practice in the Northern District of Illinois has been addressed in the judicial district. In *Banister v. Firestone*, Case No. 17-cv-8940 (N.D.Ill.), Plaintiff's lead counsel, L. Ford Banister, II, was required to proceed as an awkward but necessary plaintiff against the operators of a fictive law firm that copied, in cut and paste fashion, blogs and other content from a website maintained by Mr. Banister to market his law practice. [*Id*. at Doc. 1] Judge Castillo entered an *ex parte* TRO, including an asset restraint, a take down order for the website and enjoining the unauthorized practice of law on December

---

[1] Warning: Website in the name of "Barnes Partners LLP." (2019, April 12) Retrieved from https://www.sra.org.uk/consumers/scam-alerts/2019/apr/barnes-and-partners/.

[2] The Court may take judicial notice of the contents of a website. See *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 944 (7th Cir. 2011); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); see also *Quan v. Gonzales*, 428 F.3d 883, 888 n.5 (9th Cir. 2005) (taking judicial notice of information on commercial travel guide website to establish plausibility of claim that "banks in China are typically open on Sundays")

20, 2017. [*Id*. at Doc. 11 at 2] On December 12, 2018, Mr. Banister amended his initial complaint to include as a named defendant a senior member of this Court's general and trial bar, Jeffrey Stewart Firestone. [*Id*. at Doc. 18] Through investigation, the plaintiff established that Defendant Firestone was, in fact, collaborating with the operators of the fictive law firm website. [*Id*. at Doc. 22] Judge Castillo entered a preliminary injunction containing the same relief as initially granted on January 18, 2018 [*Id*. at Doc. 23 at 3] and a Final Judgment Order on February 26, 2019 that continued the injunction against the unauthorized practice of law. [*Id*. at Doc. 63 at 3] An overview of the case is thoroughly set out in Judge Castillo's order of September 5, 2018 granting in part and denying in part Mr. Banister's motion to compel and denying Defendant Firestone's motions to dismiss and to vacate the preliminary injunction order. [*Id*. at Doc. 54] As fully set out below, the facts in the instant case are strikingly similar to those in *Banister v. Firestone* in that, at core, Plaintiff's instant motion to enjoin the unauthorized practice of law by Alice Luo is made necessary by the enabling acts of senior members of this Court's Bar who have failed in their duty to adhere to basic, well established and well founded statutory and ethical rules that forbid attorneys from enabling the unauthorized practice of law.

c)    **Alice Luo has Engaged in and is Properly Enjoined from the Unauthorized Practice of Law**

A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. See *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court then weighs all of these factors, "sitting as would a

chancellor in equity," when it decides whether to grant the injunction. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). Under this "sliding scale approach," the more likely the plaintiff is to succeed upon the merits, the less the balance of harms need favor the plaintiff's position. *Id.*

On November 27 and December 3, 2019, an individual identifying herself as "Alice L" contacted Plaintiff's counsel on behalf of two of the Defendant Online Stores here and attempted to negotiate settlements on their behalf. [Docs. 71 at ¶ 12; 71-10-11] Plaintiff did not respond to Alice Lou's communications. Alice Luo is not an attorney licensed to practice law in any state or territory of the United States. Defendants, in spite of Plaintiff's repeated entreaties on this matter designed to avoid submission of the instant motion, have not presented that Alice Luo is an attorney in any jurisdiction or that she is even associated with an attorney in any jurisdiction. [Doc. 71-14] Alice Luo's attempt to engage Plaintiff on behalf of two Defendants in the instant case in settlement negotiations as well as her subsequent retention of Dykema on behalf of all Defendants, [Docs. 71-9 at 7, 9; 71-15] in the instant case constitutes the unauthorized practice of law. See, e.g., *People ex rel. Courtney v. Assoc. of Real Estate Taxpayers of Ill.*, 354 Ill. 102, 109-10, 187 N.E. 823, 826 (1933) (stating that the practice of law includes "the preparation of pleadings," "the management of [ ] actions," and "in general, all advice to clients"); *People v. Peters*, 10 Ill. 2d 577, 581-82, 141 N.E.2d 9, 11 (1957) ("[T]he practice of law involves not only appearance in court in connection with litigation, but also services rendered out of court and includes the giving of advice or the rendering of any service requiring the use of any legal skill or knowledge[.]") *Lozoff v. Shore Heights, Ltd.*, 66 Ill. 2d 398, 401-02, 362 N.E.2d 1047, 1048-49 (1977) (holding that the Act prohibited a Wisconsin attorney from collecting legal fees related to the negotiation of a land sale in Illinois). Thus, Plaintiff has demonstrated by record

evidence that she has a strong likelihood of success on the merits of her request for injunctive relief under the Illinois Attorney Act.

The Illinois Attorney Act does not create a private right of action for money damages by Plaintiff. *King v. First Capital Financial Services*, 828 N.E.2d 1155, 1175 (Ill. 2005) While a claim may be asserted, to date Plaintiff is unaware of any case in which an aggrieved Plaintiff, rather than a defendant, has even attempted to state a claim for the common law tort of unauthorized filing. See generally *Safeway Insurance Co. v. Spinak*, 641 N.E.2d 834, 835-6 (Ill. App. Ct. 1994) and *LONDON & LANCASHIRE I. CO. OF AMERICA v. Duner*, 135 F.2d 895, 146 ALR 1119 (7th Cir. 1943) Thus, Plaintiff has sufficiently shown that no adequate remedy at law exists, meeting the second requirement for the issuance of an injunction prohibiting the continued practice of law. Finally, the Seventh Circuit has held that foreign online perpetrators such as Defendants are likely to cause irreparable harm by avoiding judgments rendered in United States courts. See *Foodcomm Int'l v. Barry*, 328 F.3d 300, 305 & n.2 (7th Cir. 2003) (holding that the plaintiffs established a likelihood of irreparable injury with no adequate remedy at law where the defendants were Australian citizens with "no significant assets in the United States").

As members of the General Bar and active practitioners before this Court, Plaintiff's counsel, attorneys Banister and McElvenny, each have property interests in their licenses. See *In re Chandler*, 161 Ill.2d 459, 204 Ill.Dec. 249, 641 N.E.2d 473 (1994) (attorney may not be disciplined for instances of uncharged misconduct because to do so would violate due process rights); *In re Doyle*, 144 Ill.2d 451, 163 Ill.Dec. 515, 581 N.E.2d 669 (1991) (same). "Consequently, the right to practice law is a valuable interest that is entitled to protection." *Richard F. Mallen & Associated Ltd. v. Myinjuryclaim.com Corp.*, Ill. App. Ct. 1st Dist, Np.

1-00-2912 (April 18, 2002). "Because the practice of law by an entity not licensed constitutes an infringement upon the rights of those who are properly licensed, attorneys and law firms have standing to bring a cause of action for such unauthorized practice." *Id*. Plaintiff is harmed in that she is unable to negotiate the prompt settlement of her claims directly with Defendants and is frustrated in obtaining necessary discovery. [Doc. 49] Moreover, "A court has inherent power, which is to say a common law power, to punish by an award of reasonable attorneys' fees or other monetary sanction, or to prevent for the future by an injunction, misconduct by lawyers appearing before it." *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010) Inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted) The Court's inherent powers to discipline attorneys and parties engaged in misconduct before it are properly invoked to prevent harm to the judiciary itself, as well as to Plaintiff and her counsel specifically, by the continued unauthorized practice of law by Alice Luo, an individual who is not licensed to practice law in any jurisdiction.

> **d)**      **Dykema Should be Enjoined from Enabling the Unauthorized Practice of Law and is Properly Disqualified**

The retainer agreement provided to Plaintiff by Dykema as governing their representation of all Defendants in the instant case clearly states as follows:

> **Client.** For purposes of this engagement, and for present and future conflicts of interest purposes, our client is Alice Luo, and not any of her subsidiaries, affiliates, partners, or individual owners, officers, Directors, managers, employees, or agents, unless we otherwise agree in writing and/or in a separate engagement letter. Accordingly, representation of the Client in this Matter will not give rise to any conflict of interest in the event other clients of the Firm are adverse to any of such other entities or persons affiliated with the Client.

[Unquote] [Doc. 71-14]

Defendants have produced no updated retainer agreement with Dykema in this case. Dykema has maintained the position that Alice Luo, contrary to the clear terms of the retainer agreement itself, is not their client and has further posited that they do not represent the individually named defendants in this case and do not know who they are. [August 6, 2020 Hearing Trans. at 11:17:20; 12:18:22; Docs. 71 at ¶ 13; 71-3 at 11-12; 71-12 at 2] It is now undisputed that Alice Luo, a person not named as a defendant in the instant case or in associated litigation brought by Plaintiff where similar issues have arisen, has retained Dykema to represent Defendants on whose behalf she previously engaged in the unauthorized practice of law by directly attempting to negotiate a settlement in order to enable her continued unauthorized practice of law.

Under Federal Rule of Civil Procedure 65(d)(2)(B)(C), this Court has the power to bind third parties who are in active concert, including attorneys, with the enjoined party that are given actual notice of the order. Fed. R. Civ. P. 65. The Illinois Attorney Acts states that "No person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney, nor may an unlicensed person advertise or hold himself or herself out to provide legal services." (705 ILCS 205/1) The Attorney Act is consistent with applicable ethical prohibitions. ABA Model Rule 5.5(a) holds that "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." Ill. R. Prof'l Conduct (2010) R. 5.5 mirrors ABA Model Rule 5.5(a). See also ISBA Ethics Opinion 705 ("It is professionally improper for a lawyer to accept and act upon legal claims forwarded to the lawyer by a corporation which solicited the claims."); ISBA Ethics Opinion 12-09 (finding that a general partnership between an out of state attorney and an Illinois attorney

based in Illinois would subject the Illinois attorney to discipline "as Rule 5.5(a) forbids assisting another in unauthorized practice."). The facts of this case thus warrant relief against Dykema as Dykema has actively facilitated and enabled Alice Luo to engage in the unauthorized practice of law before this Court. But for Dykema's entry into a contract with Alice Luo, naming her as the client although she is not a party to this suit and has no known relationship to Defendants, Alice Luo's unauthorized practice of law would have ended when Plaintiff's counsel chose not to respond to her attempt to settle the case on two of the Defendants' behalf. [Docs. 71 at ¶ 12; 71-10-11]

Further, as a general rule, an attorney owes professional duties only to the attorney's client, not to third parties. *Oakland Police and Fire Retirement System v. Mayer Brown, LLP*, 861 F.2d 644, 651-52 (7th Cir. 2017) See also *Doe v. Nielsen*, 883 F.3d 716, 719 (7th Cir. 2018) (noting that an attorney owes his client an undivided duty of loyalty). "The courts have the right to inquire into fee arrangements both to protect the client from excessive fees and to assist an attorney in collection of his fee, but more importantly, the court may inquire into fee arrangements to protect against suspected conflicts of interest. When an attorney is paid by someone other than his client to represent that client there is a real and present danger that the attorney may in actuality be representing not the interests of his client, but those of his compensator. Not only does the client have a right to know who is paying his attorney, but the court retains the right to satisfy itself that no conflict exists and that the attorney is fulfilling his duty of loyalty to his client." *In re Michaelson*, 511 F.2d 882, 888-9 (9th Cir.), cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975). Here, as fully set out above and in Plaintiff's motion for default, [Doc. 76] Dykema has disclaimed representation of the individual defendants and declared that it represents only the trade names under which the online stores operate.

[August 6, 2020 Hearing Trans. at 11:17:20; 12:18:22; Docs. 71 at ¶ 13; 71-3 at 11-12; 71-12 at 2] Dykema is not directly contracted with Defendants but with Alice Luo. [Doc. 71-14] Thus, Dykema is not properly authorized to proceed in this case on behalf of any named Defendant and must be disqualified.

e)      **Alice Luo Should be Held in Contempt for the Unauthorized Practice of Law**

"Civil contempt is a unique civil sanction because its aim is both coercive and compensatory. To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 692 (7th Cir., 2010) (internal citation and punctuation omitted)

Here, the Illinois Attorney Act provides that "Any person practicing, charging or receiving fees for legal services or advertising or holding himself or herself out to provide legal services within this State, either directly or indirectly, without being licensed to practice as herein required, is guilty of contempt of court and shall be punished accordingly, upon complaint being filed in any Circuit Court of this State. The remedies available include, but are not limited to: (i) appropriate equitable relief; (ii) a civil penalty not to exceed $5,000, which shall be paid to the Illinois Equal Justice Foundation; and (iii) actual damages." (705 ILCS 205/1) Further, LR 83.12(a) requires that "Except as provided in LR83.14 and LR83.15 and as otherwise provided in this rule, only members in good standing of the general bar of this Court may enter an appearance on behalf of a party; file pleadings, motions or other documents; sign stipulations; or receive payments upon judgments, decrees or orders." The prohibitions of the Illinois Attorney

Act, which this Court has the authority to enforce, as well as LR 83.12(a) limiting practice before Courts in the Northern District of Illinois to attorney approved for admission to the general bar constitute clear and unequivocal commands that, as fully set out above, Plaintiff has shown that Alice Luo violated by engaging in the unauthorized practice of law by attempting to negotiate settlement with Plaintiff on behalf of two Defendants and then directly hiring counsel to appear in this matter with Alice Luo continuing to manage the litigation. Plaintiff respectfully submits that the violation is significant on its face. Plaintiff has given Alice Luo and Dykema every opportunity to remedy this situation and to avoid the instant motion yet Dykema has opted instead to recriminate and delay, finally only suggesting that they would "evaluate" the substance of Plaintiff's concerns on September 4, 2020, then failing to respond or to take corrective action as of date of filing. [Doc. 71-13 at 2]

IV.    CONCLUSION

As explained above, cross border intellectual property practice is rife with fraud. Undersigned counsel now states in place in this verified memorandum that several non-lawyers in addition to Alice Luo contacted counsel to attempt to negotiate settlements on behalf of defendants in this and other cases brought by Plaintiff. All of them were uniformly ignored. On February 21, 2019, Plaintiff's counsel was contacted by an individual asking "Can I use your attorney address? We help customers apply for US trademarks, but we need you to provide attorney information and US recipient address." Undersigned counsel replied the next day to state "NO! You absolutely may NOT use my attorney information. This is very illegal. For me to allow you to use my information would be to assist you in a fraud. This is not a proper request. Please do not contact me again." [See attached Exhibit Two] From extensive defense practice, Plaintiff's counsel is aware that many Chinese "agents" offer their services to solve legal

problems in U.S. courts, has been solicited by these "agents" and has uniformly ignored or rejected them. The activities of these "agents" is brought to light in this case, as it was in *Banister v. Firestone*, where Defendants and their counsel apparently seek to legitimize what is something much more egregious than the classic use of runners to solicit business with Alice Luo, acting in the traditional role of a runner, soliciting clients, either on behalf of Dykema or independently to then contract with Dykema, appearing as the named client on the retainer agreement on behalf of Defendants. Entry of the requested injunction and contempt finding in this case will serve to deter both Chinese "agents" and any American attorneys that may be inclined to cooperate with or enable them. Entry of the requested injunction and contempt finding will further protect the interests of foreign litigants who are hailed into Court in the United States with this Court's decision standing as an example of the consequences that may be expected by foreign litigants that utilize the services of such "agents" rather than contracting with American law firms directly.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

a) That the Court set an evidentiary hearing on the instant motion;

b) That Plaintiff be expressly authorized to serve Alice Luo with notice of this motion via notice to Dykema and email to alice_law_107@163.com;

c) That Alice Luo be preliminarily enjoined from the unauthorized practice of law pursuant to the Illinois Attorney Act;

d) That Dykema Gossett, PLLC, Mr. Michael P. Adams and Mr. Steven M. Zeller be preliminarily enjoined from enabling unauthorized practice of law by Alice Luo or any person in relation to the instant civil action pursuant to the Illinois Attorney

Act;

e)      That Dykema Gossett, PLLC, Mr. Michael P. Adams and Mr. Steven M. Zeller be disqualified from further representation of Defendants in the instant civil action;

f)      That Alice Luo be held in contempt as authorized by and for violation of the Illinois Attorney Act;

g)      That Plaintiff be awarded her reasonable costs and attorney's fees incurred due to Alice Luo's contemptuous conduct as enabled by Dykema Gossett, PLLC, Mr. Michael P. Adams and Mr. Steven M. Zeller, such costs and attorney's fees to be proven by separate motion;

h)      That Alice Luo, Dykema Gossett, PLLC, Mr. Michael P. Adams and Mr. Steven M. Zeller be required to pay a civil penalty of $5,000 to the Illinois Equal Justice Foundation;

i)      That the matters raised in the instant motion be referred to the United States Attorney for the Northern District of Illinois for investigation;

j)      That, in order to prevent further fraud on the Court, any sworn statement purportedly submitted by any Defendant or third party be notarized by an officer or official authorized to administer oaths;

k)      Any further and additional relief that the Court may deem necessary and appropriate.

(Date, Signature and Verification on the Following Page)

Respectfully submitted this 16th day of September, 2020,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*

## **VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief at the time of presentation.

Executed on this 16th day of September, 2020 at Hua Hin, Prachuap Khiri Khan Province, Thailand.

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*

(Certificate of Service on the Following Page)

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2020, I served copies of the following documents on the parties specified below via email as authorized by order of the Court: [Doc. 27 at 3-4]

1)  PLAINTIFF'S  MOTION TO ENJOIN THE UNAUTHORIZED PRACTICE OF LAW, TO DISQUALIFY DYKEMA GOSSETT, PLLC AS COUNSEL AND FOR CONTEMPT;

2)  MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S  MOTION TO ENJOIN THE UNAUTHORIZED PRACTICE OF LAW, TO DISQUALIFY DYKEMA GOSSETT, PLLC AS COUNSEL AND FOR CONTEMPT.

Service was made via email to the following email addresses:

Michael P. Adams, Esq.
Steven M. Zeller, Esq.
Dykema Gossett, PLLC
111 Congress Avenue, Suite 1800
Austin, Texas  78701
MAdams@dykema.com
SZeller@dykema.com
*Counsel for Defendants*

To Defendants:
nbvsawe@sina.com
tendyshow88@fivestarslike.com
13430351164@139.com
fahionforgirls@163.com
fastdelivery2015@163.com
beautyfactory12@163.com

To Alice Luo:
alice_law_107@163.com

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*