## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SUN CHENYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 6381 |
| | ) | |
| DAISY XIE DBA GARMENT OUTLETS | ) | |
| AND TRENDYSHOW; JING ZHANG | ) | |
| DBA FUNNYTRUMP; MING JIE GUO | ) | |
| DBA POPPYHENLER; XIAO JIE ZHONG | ) | |
| DBA BOOMBOOM123; VIVI FANG DBA | ) | |
| FASHIONFORGIRLS, QIAN NI TRADE, | ) | |
| and BEUTY FACTORY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants' Renewed Motion to Strike Portions of Plaintiff's Third Amended Complaint and/or Motion to Dismiss for Failure to Join a Party Under Rule 19, and Evidentiary Submission Regarding Ownership of Certain Stores ("Motion to Strike or Dismiss").[1] For the reasons stated below, the Motion is granted-in-part.

---

[1] According to the Motion to Strike or Dismiss, it is brought by "Defendant internet stores Garment Outlets, Trendyshow, Funnytrump, Poppyhenler, BoomBoom123, Fashionforgirls, Qin Ni Trade, and Beauty Factory ('Stores' or 'Internet Stores'), and individual defendants Daisy Xie and Vivi Fang ('Individual Defendants') . . . ." All listed entities are represented by the same counsel, and all were at one point named as defendants in this case. *See* Dkt. # 40 (First Amended Complaint). Whether certain of these entities, namely the internet stores Funnytrump, Poppyhenler, and BoomBoom123, are currently defendants in this case is at issue in this motion and will be discussed *infra*.

## BACKGROUND

The subject of this motion is the proper identification of defendants. It is an issue with a long and complicated history in this case and necessitates an overview.

Plaintiff Sun Chenyan filed the Complaint on September 26, 2019, alleging trademark and copyright infringement by the "Partnerships and Unincorporated Associations Identified on Schedule A" ("Partnerships"). Dkt. # 1. Plaintiff moved for default judgment against the "Defendants Identified on Schedule A" on January 21, 2020. Dkt. # 29. Counsel entered appearances for the Partnerships on February 20, 2020, Dkt. # 35, and February 28, 2020, Dkt. # 37. The Court held a hearing and denied the motion for default judgment on March 3, 2020. Dkt. # 38.

Plaintiff filed a First Amended Complaint ("FAC") on March 16, 2020, naming Daisy Xie, Jing Zhang, Ming Jie Guo, Xiao Jie Zhong, Vivi Fang, Garment Outlets, Trendyshow, Funnytrump, Poppyhenler, BoomBoom123, Fashionforgirls, Qian Ni Trade, and Beautyfactory as the defendants. Dkt. # 40. Garment Outlets, Trendyshow, Funnytrump, Poppyhenler, BoomBoom123, Fashionforgirls, Qian Ni Trade, and Beautyfactory ("Defendant Stores") answered the FAC on July 14, 2020. Dkt. # 53.

The Court entered default as to all defendants on September 15, 2020, Dkt. # 78, and Plaintiff moved for default judgment on November 9, 2020, Dkt. # 101. On November 11, 2020, Defendants Xie, Fang, and the Defendant Stores (together, "Defendants") filed a motion to set aside the entry of default. Dkt. # 107. On December 22, 2020, the Court granted the motion to set aside entry of default and

2

denied Plaintiff's motion for default judgment. Dkt. # 116. Defendants filed an amended answer to the FAC on January 12, 2021. Dkt. # 118.

Plaintiff moved for an entry of default as to Defendants Zhang, Huo, and Zhong ("Defaulted Defendants") on January 27, 2021, Dkt. # 125, which the Court granted, Dkt. # 128. On February 16, 2021, Plaintiff moved for entry of default as to Funnytrump, Poppyhenler, and BoomBoom123 ("Disputed Internet Stores") and to strike all filings and discovery responses regarding those entities, arguing in part that they "are not parties to the instant civil action." Dkt. # 133, at 6. The Court denied that motion on May 5, 2021. Dkt. # 150. The Court stated:

> If [Plaintiff] wishes to no longer pursue an action against these three defendants, there is a proper avenue for this under Rule 41. Fed. R. Civ. P. 41(a) (explaining the process for voluntary dismissal). Additionally, if [Plaintiff] believes that these three stores are improper parties and wishes to substitute the three corporations that purportedly own them, she may seek leave to amend under Rule 15. Fed. R. Civ. P 15(a); *see also* Fed. R. Civ. P. 17(b). If the three stores are indeed owned by the defaulted individuals and these three Defendants are wrongfully contesting the case, then [Plaintiff] may prove that with competent evidence. However, based on the record before us, we cannot possibly declare that the three Defendant Stores at issue are non-parties and we certainly cannot hold them in default. We therefore deny [Plaintiff's] arguments without prejudice to raising them in a procedurally proper manner.

*Id*. at 3.

On April 28, 2022, Plaintiff filed a motion to amend the FAC seeking to, in part, identify the "proper party defendants." Dkt. # 197. The Court granted the motion, but in so doing "recognize[d] that there [was] a factual dispute between the parties

3

regarding the ownership of" the Disputed Internet Stores.  Dkt. # 205, at 2.  The Court

explained:

> Here, Plaintiff seeks to amend the First Amended Complaint, which
> named as defendants Daisy Xie, Jing Zhang, Ming Jie Guo, Xiao Jie
> Zhong, and Vivi Fang (the "Individual Defendants") as well as
> Trendyshow, Funnytrump, Poppyhenler, Boomboom123,
> Fashio[n]forgirls, Qian Ni Trade, and Beautyfactory (the "Defendant
> Stores").  The proposed SAC names as defendants Daisy Xie DBA
> Garment Outlets and Trendyshow, Jing Zhang DBA Funnytrump, Ming
> Jie Guo DBA Poppyhenler, Xiao Jie Zhong DBA Boomboom123, and
> Vivi Fang DBA Fashionforgirls, Qian Ni Trade, and Beautyfactory.  In
> granting the Motion for Leave, the Court does not make factual findings
> as to the alleged association between the named individuals and entities.
> *See Lake City Bank v. R.T. Milord Co.*, 2019 WL 1897068, at *5 (N.D. Ill.
> 2019) ("While subsequent discovery may prove otherwise, we accept as
> true LC Bank's assertion that K-Com Transport was 'doing business as'
> K-Com Environmental, and is therefore the same entity.").

*Id*. at 2–3.

In response to the motion for leave, Defendants argued that Plaintiff was trying

to "manipulate, without sufficient basis, the live pleading to change the named

defendants and obtain entry of default as to the [Disputed Internet Stores]," that their

"discovery responses establish[] that certain Chinese companies own the [Disputed

Internet Stores]," and that "in written discovery, Defendants identified particular

Chinese corporations as the owners of the [Disputed Internet Stores].  Such

identification was included in Defendants' interrogatory answers verified by the

Chinese corporations."  Dkt. # 203, at 4–6.  As to those arguments, the Court stated:

> But Defendants have put neither those interrogator[y] responses nor any
> other type of affidavit or sworn statement before the Court, and the Court
> cannot rely on Defendants' statements alone.  If [the Disputed Internet

> Stores] wish to contest Plaintiff's assertions that they are owned by or legally connected to [the Defaulted Defendants], they can do so by presenting supporting evidence to the Court, for example in a motion to set aside the default entered on behalf of [the Defaulted Defendants] (Dkt. # 128) as it may be applied to the [Disputed Internet Stores]. Plaintiff can then respond with any competing evidence, and the Court will make a factual determination when it has a complete record before it.

Dkt. # 205, at 3–4.

Plaintiff filed the Second Amended Complaint ("SAC") on July 13, 2022, naming the defendants as Daisy Xie DBA Garment Outlets and Trendyshow, Jing Zhang DBA Funnytrump, Ming Jie Guo DBA Poppyhenler, Xiao Jie Zhong DBA BoomBoom123, and Vivi Fang DBA Fashionforgirls, Qian Ni Trade, and Beauty Factory. Dkt. # 207. In her opposition to Defendants' motion for extension of time to respond to the SAC, Plaintiff again claimed that the Disputed Internet Stores were not "parties to this action." Dkt. # 212, at 5. Defendants filed a motion to dismiss on August 19, 2022. Dkt. # 214. Plaintiff filed the Third Amended Complaint ("TAC") on September 25, 2022, Dkt. # 220, and the Court therefore dismissed the motion to dismiss the SAC as moot, Dkt. # 221. The TAC lists the defendants in the same manner as the SAC. On October 10, 2022, Defendants filed the instant Motion seeking to either strike portions of the TAC or dismiss it for failure to join a necessary party under Rule 19. Dkt. # 223.

## LEGAL STANDARD

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

P. 12(f). While motions to strike are disfavored because of the risk that they will delay and unnecessarily multiply the proceedings, where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co*., 883 F.2d 1286, 1294 (7th Cir. 1989). "A motion to strike should not be granted unless . . . the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) (cleaned up). Prejudice lies where the allegations "confus[e] the issues" or are "so lengthy and complex that [they] place[] an undue burden on the responding party." *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997).

## DISCUSSION

Defendants argue that the TAC improperly identifies the Defaulted Defendants as the owners of the Disputed Internet Stores in both the case caption and body of the TAC, in spite of discovery served in 2020 showing that certain Chinese companies in fact own the Disputed Internet Stores. Dkt. # 223, at 3. Defendants include an excerpt from their Supplemental and Amended Answers to Plaintiff's First Set of Interrogatories, served on August 4, 2020:

| Defendant Store(s) | Store Owner |
|---|---|
| garment outlets (6) | Daisy [X]ie |
| Poppyhenler (9) | Shenzhen Chengde Shangyi Trading Co., Ltd. |
| funnytrump (8) | Shenzhen Oushangjia Trading Co., Ltd. |
| boomboom123 (10) | Shenzhen Rongwen Technology Co., Ltd. |
| beautyfactory (13); fashionforgirls (11); Qian ni Trade (12); trendyshow (7) | Vivi Fang |

*Id*.; *see also* Dkt. # 223-1.

As instructed by the Court, Dkt. # 205, Defendants put forth evidence that they believe shows the Defaulted Defendants do not own the Disputed Internet Stores, and that they are actually owned by the three Chinese companies named above. Specifically, Defendants attach declarations from executives for each of the three companies, testifying that that their company owns the particular Disputed Internet Store (i.e., that Shenzhen Chengde Shangyi Trading Co., Ltd. owns Poppyhenler, Shenzhen Oushangjia Trading Co., Ltd. owns Funnytrump, and Shenzhen Rongwen Technology Co., Ltd. owns BoomBoom123). *See* Dkt. # 223, Exs. 2–4. The three declarations are largely the same, and each state under the penalty of perjury that the declarant has personal knowledge of the facts stated therein, the declarant is the "Executive Director" (Dkt. # 223-2) or the "Supervisor" (Dkt. # 223-3 and Dkt. # 223-4) of the Chinese company, the Chinese company is the "owner and operator" of the

Disputed Internet Store, the case caption incorrectly states that the Defaulted Defendant is "doing business as" the Disputed Internet Store, and that the Defaulted Defendant is not the owner or sole proprietor of the Disputed Internet Store. Each declaration also attaches a business license for the company, "as printed from the official website of China's National Enterprise Credit Information Publicity System, including an English translation of this business license." *See*, *e.g.*, Dkt. # 223-2, at 1.

Defendants argue that pursuant to Rule 12(f), the Court should strike the TAC's definition of "defendants" stating the Defaulted Defendants are "doing business as", "DBA", or "d/b/a" the Disputed Internet Stores. Dkt. # 223, at 7 (citing Fed. R. Civ. P. 12(f)). They contend that "defendants should be defined as follows (with the redlined portions stricken): Daisy Xie d/b/a Garment Outlets and Trendyshow; Jing Zhang ~~d/b/a/ Funnytrump~~; Ming Jie Guo ~~d/b/a Poppyhenler~~; Xiao Jie Zhong ~~d/b/a Boomboom123~~; and Vivi Fang d/b/a Fashionforgirls, Qian Ni Trade and Beautyfactory." *Id*. at 7–8. They point to the fact that "Plaintiff has declared on multiple occasions that [the Disputed Internet Stores] are not parties to this case," and argue that "entering a possible judgment against them would [therefore] not be appropriate" and "Plaintiff's definition of defendants and the case style [including the Disputed Internet Stores] creates confusion as to whether they are, in fact, defendants." *Id*. at 8.

The Court agrees with Defendants that the TAC is clearly prejudicial and confusing and grants their Motion to Strike. *See Cumis*, 983 F. Supp. at 798. Defendants have sufficiently shown that the TAC's definition of the defendants in this

case unnecessarily confuses the ownership of the Disputed Internet Stores and improperly associates them with the Defaulted Defendants.

Plaintiff opposes Defendants' Motion to Strike and first argues that Defendants' Motion "is not properly before the Court" because the Disputed Internet Stores are not "parties to this action." Dkt. # 226, at 5. According to Plaintiff, it is improper for Defendants to bring this motion since Plaintiff "clearly pled that the Defaulted Defendants are [doing business as] the [Disputed Internet Stores, and] counsel for the remaining defendants has moved on behalf of the [Disputed Internet Stores] alone, continuing to attempt to treat these trade names as though they are separate entities, separable from their owners." *Id*. at 2. Plaintiff cites case law describing "the well established principle that where suing a sole proprietorship that operates under a name different from that of the proprietor 'The only entity is the proprietor . . . two names for the same person[,]'" and that "a sole proprietorship has no legal identity separate from that of the individual who owns it." *Id*. at 3. Plaintiff argues that counsel for Defendants "cannot continue to litigate on behalf of the trade names without authorization to represent the individuals that Plaintiff has alleged owns them, thus making an end run around Plaintiff's amendment, the primary purpose of which was to clarify the ownership of the [Disputed Internet Stores]." *Id*. at 4.

The Court rejects Plaintiff's arguments. We first note the inconsistency of Plaintiff's assertion that it is improper to "treat [the Disputed Internet Stores] as though they are separate entities, separable from their owners" when Plaintiff herself named

them as separate defendants in the FAC.  Furthermore, Plaintiff cites Local Rule 5.6, which states that "[n]o pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court."  L.R. 5.6.  Whether the Disputed Internet Stores are parties to this action or not, the Court unequivocally "approved" of this motion by instructing the Disputed Internet Stores to file it.  Dkt. # 205, at 3–4 ("If [the Disputed Internet Stores] wish to contest Plaintiff's assertions that they are owned by or legally connected to [the Defaulted Defendants], they can do so by presenting supporting evidence to the Court[.]").  Whether the Defaulted Defendants are the owners of the Disputed Internet Stores is the very subject and purpose of this motion, and Plaintiff cannot defeat it by simply pointing to its own allegations.  Rule 12(f) gives us the ability to strike prejudicial material from pleadings, which the Court views as warranted and necessary here.  Plaintiff has not shown why we should not do so.

Plaintiff makes several arguments that the TAC properly identifies the defendants in this case, which the Court also rejects.  She first makes the same "sole proprietorship" argument, *id*. at 7, which the Court rejects as discussed above.  Next, Plaintiff states that "in its order granting Plaintiff leave to file a second amended complaint, this Court noted that at the pleading stage it does not make factual findings as to the alleged association between the named individuals and entities."  *Id*. (citing Dkt. # 205, at 3).  Plaintiff misconstrues the Court's meaning, which was that at that time and "[i]n granting the Motion for Leave," the Court was not making any factual

findings. The Court then instructed the Disputed Internet Stores to file the instant evidentiary motion.

Plaintiff then argues that "the Court should be cautious when considering a request to strike matters from pleadings[, especially] where, as set out above, the issue of the proper identification of the parties has been heavily litigated with Plaintiff choosing to identify them as shown in the caption" of the TAC. *Id.* But Plaintiff is not entitled to its pleading "choice" when it is shown to be prejudicial under Rule 12(f). Plaintiff adds a conclusory statement that striking its "designation of defendants would certainly prejudice Plaintiff, possibly rendering any judgment that is entered unenforceable should the Defendants somehow manage to change registration information on file with Wish.com, the ecommerce platform that Defendants do business on." *Id.* at 7–8. Plaintiff does not explain why or how that might come to pass, and also ignores the prejudice to the Disputed Internet Stores. Despite the Disputed Internet Stores being represented by counsel and having participated fully in this case through pleadings, discovery, and other miscellaneous motions, Plaintiff's position would tie them to parties who have already defaulted and leave them with no ability to defend themselves.

Finally, Plaintiff argues that the declarations attached to Defendants' Motion regarding the ownership of the Disputed Internet Stores should not be considered. Plaintiff contests the reliability of the business licenses attached to each declaration, which were originally in Chinese then translated into English, for example by arguing

11

that the English translations are not "certified." *Id.* at 8. But Plaintiff makes no argument whatsoever regarding the declarations themselves. Plaintiff offers no reason to discount these statements, made under the penalty of perjury, attesting that the Defaulted Defendants are not the owners or sole proprietors of, nor are they doing business as, the Disputed Internet Stores, and rather the three Chinese companies own the Disputed Internet Stores. *See* Dkt. # 223, Exs. 2–4.

In sum, Plaintiff has come forward with no convincing evidence or argument as to why the Court should not strike the TAC's definition of "defendants" as it relates to the Disputed Internet Stores. Plaintiff has stated multiple times, including in her response to the instant motion, that the Disputed Internet Stores are not defendants and are not parties to this case. Because the ownership of the Disputed Internet Stores was so strongly contested by both sides, the Court asked the parties to offer supporting evidence of their positions. Dkt. # 205, at 3–4 (instructing the Disputed Internet Stores to contest Plaintiff's ownership assertions "by presenting supporting evidence to the Court" and instructing Plaintiff to "respond with any competing evidence"); *see also* Dkt. # 150, at 3 ("If the [Disputed Internet Stores] are indeed owned by the [Defaulted Defendants] and these [Disputed Internet Stores] are wrongfully contesting the case, then [Plaintiff] may prove that with competent evidence."). Defendants did so; Plaintiff did not. Plaintiff points to nothing suggesting that the Defaulted Defendants own or are sole proprietors of the Disputed Internet Stores. Plaintiff cannot rely on her own pleading "choice" to show why the TAC's definition of "defendants" is not prejudicial,

particularly where she asserts the Disputed Internet Stores are not "parties to this action" and offers nothing to support the idea that they are owned by the Defaulted Defendants.

Defendants' Motion to Strike portions of the TAC is granted. We therefore do not consider Defendants' argument in the alternative for dismissal under Rule 19.

## CONCLUSION

For the foregoing reasons, the Court grants-in-part Defendants' Motion to Strike or Dismiss [223]. "DBA FUNNYTRUMP", "DBA POPPYHENLER", and "DBA BOOMBOOM123" are stricken from the Third Amended Complaint's case caption and first paragraph, and the Clerk of Court is instructed to strike such language from the docket. For purposes of clarity and to avoid confusion, Plaintiff shall file an amended complaint striking such language by 5/6/2023. Plaintiff is also given leave to add Funnytrump, Poppyhenler, and BoomBoom123 as separate defendants if she so chooses.

It is so ordered.

Dated: 5/4/2023

_Charles P. Kocoras_

_____

Charles P. Kocoras
United States District Judge