IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUN CHENYAN ) | | |
| ) | | |
|    Plaintiff, ) | Case No. 19-cv-6381 | |
| ) | | |
|    v. ) | Judge Charles P. Kocoras | |
| ) | | |
| DAISY XIE DBA GARMENT OUTLETS ) | Mag. Judge Sheila M. Finnegan | |
| AND TRENDYSHOW; JING ZHANG; ) | | |
| MING JIE GUO; XIAO JIE ZHONG; ) | | |
| VIVI FANG DBA FASHIONFORGIRLS, ) | | |
| QIAN NI TRADE AND BEAUTYFACTORY. ) | | |
| ) | | |
|    Defendants. ) | | |
| ) | | |

**PLAINTIFF'S MOTION TO STAY BRIEFING ON MOTION TO STRIKE MATTERS FROM ANSWER, TO STRIKE AFFIRMATIVE DEFENSES AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Now Comes, Sun Chenyan, Plaintiff in the above styled civil action, (hereinafter, "Plaintiff" or "Sun Chenyan") by and through her attorneys, Ford Banister IP, and moves this Honorable Court to stay briefing and decision on <u>Plaintiff's Motion to Stay Briefing on Motion to Strike Matters from Answer, To Strike Affirmative Defenses and For Partial Judgment on the Pleadings</u> [D.E. 257] (hereinafter, "the Motion to Strike"). In support of her request, Plaintiff states as follows:

**Background and Relevant Procedural History**

1. Plaintiff Sun Chenyan (hereinafter, "Plaintiff" or "Sun Chenyan") filed her Motion to Strike on August 3, 2023. [D.E. 257]

2. Defendants Daisy Xie DBA Garment Outlets and Trendyshow, and Vivi Fang DBA Fashionforgirls, Qian Ni Trade, and Beautyfactory (hereinafter "Defendants") filed their Response brief on September 25, 2023. [D.E. 278]

1

3. Plaintiff's reply to Defendant's Response to the Motion to Strike is due on October 9, 2023. [D.E. 269]

4. On August 31, 2023, during the course of correspondence regarding a proposed amended complaint to be filed in a related case currently being prosecuted by Plaintiff in this judicial district, *Sun v. The Partnerships, et al.*, Case No. 20-cv-220, counsel for Defendants and also for a number of defendants therein. Mr. Michael P. Adams, advised Plaintiff as follows:

> In your amended schedule A, Vivian Fang is the same individual that my firm represents in 19-cv-6381. Also, the Qianni Trade store, owned by Vivian Fang, is named in both the 19-cv-6381 case and the 20-cv-220 case. That store should be dismissed from one of the lawsuits.

See attached Declaration of L. Ford Banister, II in Support of Motion to Stay Briefing on Motion to Strike Matters from Answer, To Strike Affirmative Defenses and For Partial Judgment on the Pleadings, Exhibit One at 68. (hereinafter, "the Banister Declaration").

5. Following Plaintiff's follow up after the dispatch contained in para. 4, above, on September 9, 2023, Mr. Adams further stated, in pertinent part, as follows:

> As also stated in my email, in your proposed amended schedule A, Vivian Fang is the same individual that my firm represents in 19-cv-6381... In Case No. 20-cv-220, we provided verified interrogatory answers and produced an engagement agreement that identifies Vivian Fang as the owner of Defendant Store Nos. 32 (fashionforboys); 33 (FashionForChanny) and 69 (Qianni trade). Also, the Qianni Trade store, owned by Vivian Fang, is named in both the 19-cv-6381 case and the 20-cv-220 case. That store should be dismissed from one of the lawsuits. Is it Plaintiff's position that it is appropriate for the stores owned by Vivian Fang to have been named as defendants in two related and overlapping cases?

[Banister Declaration, Exhibit One at 65]

6. On or about September 25, 2023, Plaintiff dispatched a detailed letter to Mr. Adams and his co-counsel, Mr. Steven Zeller, advising them that Plaintiff intended to seek sanctions against Defendant Vivi Fang due to his having failed to reveal his alleged ownership of

2

additional online storefronts through which he also violated Plaintiff's intellectual property rights in sworn interrogatory responses. [Banister Declaration, Exhibit One]

7. Also on September 25, 2023, Defendants submitted their Response to Plaintiff's Motion to Strike. [D.E. 278] Therein, Defendants submit that "Plaintiff improperly named Qian Ni Trade as a defendant in this case and Case No. 1:20-cv-00220." [Id. at 2, FN.1] This is one of the three Wish.com stores that Defendant Fang now alleges that he does business through, on which he has also been sued in 20-cv-220. [Banister Declaration, Exhibit One at 65] Defendant Fang relies on this alleged duplicative filing to justify his presentation of trademark related defenses in the instant case, in which the operative complaint contains no trademark related allegations, arguing that the trademark related defenses are properly presented here due to his having been sued in 20-cv-220. [Id. at 2-3, 6-8]

8. On or about September 23, 2023, ContextLogic, Inc. dba Wish.com (hereinafter, "Wish.com") delivered to Plaintiff, via email, a copy of its original answer to Plaintiff's citation to discover assets to a third party. [D.E. 277] Contemporaneously therewith, Wish.com delivered to Plaintiff a spreadsheet containing certain information regarding accounts which its has confirmed are owned by Judgment Debtors JING ZHANG, MING JIE GUO and XIAO JIE ZHONG (hereinafter, "the Judgment Debtors"). [Banister Declaration, Exhibit Four] Among the disclosures contained in these spreadsheets is detailed information regarding WishPost accounts related to the Wish.com stores through which the Judgment Debtors do business. [Id. at 7] Specifically, Wish.com for the first time revealed that all of the Judgment Debtors' WishPost accounts are related to a Chinese ecommerce company known as Shenzhen Banggood Technology Co., Ltd. (hereinafter, "Banggood") and each share at least one common designated contact. The WishPost account numbers identified in this spreadsheet match those confirmed as

3

being utilized by Defendants Vivi Fang and Daisy Xie in their sworn interrogatory responses, thus revealing a common linkage between all Defendants and Judgment Debtors. [Banister Declaration, Exhibit Four at 7]

### Argument

9.      Federal courts have the inherent power to stay proceedings to prevent the court or litigants from wasting time, effort, or resources. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When deciding whether to stay a case, "courts consider the merits of the moving party's case, whether the moving party will suffer irreparable harm without a stay, whether a stay will injure other parties interested in the proceeding, and the public interest." *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019) (citing *Nken v. Holder*, 556 U.S. 418, 428 (2009) and *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The standard calls for equitable balancing." *Id.*; *Pretzsch v. Focus Servs.*, LLC, No. 19 C 3599, 2019 WL 13275025, at *2 (N.D. Ill. Dec. 2, 2019) (Kocoras, J.) (applying *Landis* factors)

10.     Defendants will not be burdened by the stay of briefing on this single motion at this time. Notably, at no time since its entry have Defendants sought relief from the preliminary injunction order entered by this Court on December 10, 2019. [D.E. 27] Any additional litigation expense incurred due to their litigation misconduct is of their own doing.

11.     Entry of a stay of briefing will serve to simplify the issues in question and streamline the trial. As fully set out in her letter to Defendant Vivi Fang, Plaintiff will move for sanctions against at least Defendant Fang. [Banister Declaration, Exhibit One at 3] Where, as here, a party provides incomplete or evasive responses to interrogatories, sanctions may be case dispositive. See *Watkins v. Nielsen*, 405 F. App'x 42, 45 (7th Cir. 2010); *Aura Lamp Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th

4

Cir. 2003); *Roland v. Salem Contract Carriers*, 811 F.2d 1175, 1179-80 (7th Cir. 1987). Plaintiff respectfully submits that there is no point in going forward with briefing and decision on the Motion to Strike where it is not unlikely that default judgment will be entered against at least Defendant Fang.

12.     Further on the second factor, should the case continue past the sanctions motion(s), Plaintiff will at least be required to, once again, amend her complaint to fully and completely allege the infringing conduct, including denotation of all Wish.com storefronts through which Defendant Fang lately revealed that he does business. Plaintiff may also seek to add as defendants Banggood and Wish.com. "When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward ... [b]ecause a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999) (citation omitted); see also Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 at 636 (3d ed.2010). Defendant Fang and Defendant Daisy Xie's response to an amended complaint, including affirmative defenses, may not be identical to their current Answer. [D.E. 240] The same is true of whatever defenses any newly discovered defendants may present.

13.     As to the final factor, as set out above, it is not unlikely that any decision on the Motion to Strike will be rendered moot due to the entry of default judgment against at least Defendant Fang or the filing of an amended complaint. If the Court chooses to stop short of the entry of default judgment, it may instead choose to strike affirmative defenses as a sanction. "This creates a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot..." *Tap Pharm. Prod., Inc. v. Atrix Lab'ys, Inc.*, No.

03 C 7822, 2004 WL 422697, at *2 (N.D. Ill. Mar. 3, 2004). See also *Glob. Pat. Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *5 (N.D. Ill. Apr. 23, 2008) (Kocoras, J.) ("Though we are mindful that four years was consumed in waiting for the result of the reexamination of the original 16 claims, a significant amount of time and effort in claim construction and other litigation would have been wasted if we had forged ahead without the benefit of the PTO's examination (and subsequent rejection) of those claims. Also, the fact that this examination will focus on a single claim makes it unlikely that a similar amount of time will be spent in reaching resolution of the new reexamination. The questions of validity, patentability, and claim content are common to the issues before this court and before the PTO, so the more prudent course of action is to stay these cases while the reexamination proceeds.")

14. In conclusion, Plaintiff reiterates that she seeks to move the case forward to final judgment in her favor in this straightforward copyright infringement and DMCA case. However, due to Defendant Fang's clear misconduct in this case, a stay of briefing on this single motion, as opposed to the case itself, is necessary.

**Prayer for Relief**

Based on the foregoing, Plaintiff respectfully requests that the Court grant the following relief:

1) That the Court stay briefing and decision on Plaintiff's Motion to Strike until issues surrounding at least Defendant Fang's discovery misconduct and the need for additional amendment of the complaint are resolved;

2) Any further and additional relief that the Court deems necessary and appropriate.

(Date and Signature on the Following Page)

6

Respectfully submitted this 6th day of October, 2023,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*
