UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHENYAN SUN,

            Plaintiff,

            v.

DAISY XIE d/b/a GARMENT OUTLETS and
TRENDYSHOW and VIVI FANG d/b/a
FASHIONFORGIRLS, QIAN NI TRADE and
BEAUTYFACTORY,

            Defendants.

No. 19 CV 6381

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chenyan Sun holds a copyright registration for photographs of women's wedding shoes. She discovered that defendants Daisy Xie and Vivi Fang had posted similar photos on online product listings for women's wedding shoes and sued both for copyright infringement and violations of the Digital Millenium Copyright Act. Sun moves for sanctions for the defendants' failure to disclose information in discovery and seeks an order of default, or, in the alternative, to re-open discovery to compel the identity of the supplier of the photographs and take remedial depositions. She also moves for summary judgment on the issue of liability. Defendants move for summary judgment on the issue of damages. For the reasons discussed below, the motion for sanctions is denied, plaintiff's motion for summary judgment is granted in part and denied in part, and defendants' motion for summary judgment is granted.

## I.    Legal Standards

A party may be sanctioned if it "fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). Sanctions include barring the sanctioned party from using the information in a motion or at trial, ordering the party to pay reasonable expenses, and informing the jury of the party's failure. *Id.* Sanctions under Rule 37(c) are "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Johnson v. C.R. Bard, Inc.*, 77 F.4th 641, 646 (7th Cir. 2023).

A motion for summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). I view the facts and draw reasonable inferences in favor of the non-moving party to determine whether summary judgment is appropriate. *See Sullivan v. Flora, Inc.*, 63 F.4th 1130, 1141 (7th Cir. 2023).

## II.    Background

Plaintiff Chenyan Sun registered a copyright for certain photographs of women's wedding shoes which became effective July 11, 2018. [406] ¶¶ 1–3, 6–7; [407] ¶ 5; [430] ¶¶ 3–4.[1] Sun first published these photographs in January 2016. [406]

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers refer to the CM/ECF header placed at the top of filings. The facts are largely taken from the parties' responses to their adversary's Local Rule 56.1 statement of facts and statement of additional

¶¶ 4–7; [430] ¶¶ 1–2.[2] She says that the products in the photographs have been "widely promoted" worldwide, using the photographs. [407] ¶ 9.

Defendants Daisy Xie and Vivi Fang sell various products through online storefronts, including women's shoes. [406] ¶¶ 8, 14; [430] ¶¶ 5, 11. Sun says the defendants used her copyrighted photographs in their listings of the shoes they were selling but admits that the lighting and shadows in the photos on defendants' listings differ from her photographs. [406] ¶¶ 9–10, 15–16; [407] ¶¶ 15–16; [430] ¶¶ 6–7, 12–13, 33. The listings also included photographs that were not Sun's. [406] ¶¶ 11, 17; [430] ¶¶ 8, 14.[3]

The photographs on the defendants' listings do not have the "su.cheny" watermark that was on Sun's copyrighted photos. [407] ¶ 18.[4] Sun has not assigned, licensed or authorized the defendants to use her photographs. [407] ¶ 19. Defendants also admit that they did not have an express license or assignment to use Sun's

---

facts, [406], [407], and [430], where both the asserted fact and the opposing party's response are set forth in one document. Asserted facts need to be supported by reference to specific pages in the evidentiary record. N.D. Ill. Local R. 56.1(d)(1)–(2). Any asserted fact that is not controverted by reference to specific, admissible evidence is deemed admitted. N.D. Ill. Local R. 56.1(e)(3); *see Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). I disregard legal arguments in the statement of facts. *See Cady v. Sheahan*, 467 F.3d 1057, 1060–61 (7th Cir. 2006); *see also* [406] ¶¶ 27, 34, 36; [407] ¶¶ 3–4, 17, 21–23; [430] ¶¶ 24, 27. The parties dispute many facts, but the facts in those disputes are not all material. To the extent disputed facts are relevant and the parties rely on admissible evidence, I include both sides' versions.

[2] Sun admits this but denies the fact to the extent that the defendants' evidence does not support the fact. Because Sun admits she published the photos in January 2016, this fact is deemed admitted.

[3] Sun disputes this fact, but without any basis. The postings show additional photographs in addition to the two photographs attributed to Sun. [401-2] at 4–5; [401-3] at 4–5; [401-4] at 4–5; [401-5] at 4–5; [401-6] at 4–5; [403-1] at 78–79, 82–83, 93–94, 105–06, 109–10, 121–22, 133–34.

[4] Defendants' denials of this fact and the next do not contradict the asserted facts.

photographs. [407] ¶ 20. The defendants assert that they received the photographs of the shoes from the supplier of the shoes, without the watermark, and did not remove any watermarks from the photos themselves. [430] ¶¶ 28, 30.[5]

Xie first sold shoes from a listing that displayed what Sun says are her photographs as early as February 28, 2017, and Fang sold shoes from a listing that displayed what Sun says are her photographs as early as January 22, 2017. [406] ¶¶ 12–13, 18–19; [430] ¶¶ 9–10, 15–16.

Sun has presented no evidence that either defendant sold or licensed copies of the copyrighted photographs, sold goods bearing the asserted photographs, or received any revenue or profits from the sale or licensing of the copyrighted photographs. [406] ¶¶ 21–23, 28, 32–33; [430] ¶¶ 18–21, 25–26.

## III. Analysis

### A. Sanctions

Sun argues for sanctions under Federal Rule of Civil Procedure 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

She argues that defendants failed to disclose the identity of their supplier in their Rule 26(a) disclosures. Under Federal Rule of Civil Procedure 26(a), a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that

---

[5] Sun denies this fact and argues for sanctions because defendants have failed to disclose the identity of their supplier. This argument is discussed below.

information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26 also requires a party to amend or supplement its disclosure or response to an interrogatory when the party learns that the disclosure or response is incomplete or incorrect or if ordered by the court. Fed. R. Civ. P. 26(e).

Defendants' failure to identify the supplier was harmless because they did not use the supplier as a witness to supply evidence for their motion. Rather, the defendants relied on their own affidavits, which referred to the supplier, to support their case, because they do not remember or have contact information for the supplier. A party cannot turn over information it does not have. Even if the defendants were required to provide the name of the supplier, any failure would be substantially justified because they do not remember their supplier's name or contact information.

Additionally, defendants' failure to comply with any discovery request or interrogatory doesn't rise to the sanctionable level if the defendant did not have the opportunity to address the challenge during discovery. *Cf. Uncommon, LLC v. Spigen*, 926 F.3d 409, 418–19 (7th Cir. 2019) (Rule 26 error harmless where the other party did not flag the error or attempt to conduct further discovery and waited until summary judgment to ask for sanctions). Sun alludes to an interrogatory or document requests that should have been answered with the identity of the supplier but does not attach the actual interrogatory or discovery requests. Sun also says that "Defendants objected when Plaintiff sought to discover the identity of their supplier through interrogatories and requests for production of documents." Sun does not

argue that she pursued the objection. Sun filed multiple motions to compel during the course of discovery and does not argue that the defendants' objections were overruled or that the defendants were ordered to answer the interrogatory or provide documents. Defendants' objection was effectively sustained by Sun's forfeiture of any opposition. They did not have to provide further answers or information during discovery.

There was no discovery noncompliance that justifies any Rule 37 sanction, much less the severe sanction of default. *See EEOC v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 599 (7th Cir. 2022) (quoting *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016)) (dismissal "must be supported by fault, as shown by 'extraordinarily poor judgment' or 'gross negligence,' rather than mere mistake or inadvertence"). Even if there were noncompliance, Sun was on notice that defendants were relying on objections to the interrogatory, and instead of seeking further discovery at the time, waited until summary judgment to ask for sanctions. Sun's motion for sanctions is denied.

**B.    Summary Judgment**

*1.    Sun's Motion*

Sun seeks summary judgment on the issue of liability under the Copyright Act and the Digital Millenium Copyright Act and defendants' affirmative defenses.

a.    Copyright Act

The Copyright Act, 17 U.S.C. § 101 et seq., "establishes the prerequisites for copyright and sets limits on its scope." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 885 (7th Cir. 2021). The Act creates a cause of action for infringement

of a copyright and provides that "[a]nyone who violates any of the exclusive rights of the copyright owner … is an infringer." 17 U.S.C. § 501(a)–(b). To prove a claim of infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) copying of "constituent elements of the work that are original." *UIRC-GSA Holdings, LLC v. William Blair & Co., LLC*, 90 F.4th 908, 912–13 (7th Cir. 2024) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991)). The second element consists of "two distinct questions": (1) whether, as a factual matter, the defendant copied the plaintiff's protected work, (i.e. "actual copying" or "copying in fact") and (2) whether the copying "went so far as to constitute an improper appropriation" (i.e. "unlawful appropriation"). *Signature Constr.*, 994 F.3d at 887 (quoting *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)).

Defendants challenge both elements. First, they argue that Sun has not presented any evidence of a certified copy or authentic, true, correct, and complete copy of the certificate of registration.

A certificate of registration is prima facie evidence of the validity of the copyright if the certificate is made before or within five years after the work's first publication. 17 U.S.C. § 410(c). Defendants cite no cases that show a certified copy was required to prove ownership of a copyright. Indeed, courts in this district have found that even where a plaintiff produces no copy of the certificate at *all*, a plaintiff can still prove a valid registration exists. *See Johnson v. Cypress Hill*, 619 F.Supp.2d 537, 542–43 (N.D. Ill. 2008) (internet printout from the Copyright Office and assertions in the plaintiff's pleadings enough to infer a valid and enforceable

7

copyright). Sun has submitted a registration certificate effective July 11, 2018, for photographs published between January 3, 2016 and December 29, 2016. [407] ¶ 5; [6]. This is prima facie evidence of the validity of the copyright, which the defendants have not rebutted in any way. Sun had a valid copyright over the photographs in question.

Next, the defendants argue that Sun failed to show copying of original constituent elements of the work. To show this element, Sun must show "actual copying" and "unlawful appropriation." *Signature Const.*, 994 F.3d at 887. "Actual copying" can be proved either directly or indirectly. *Id.* Direct evidence of copying is rare, so most cases prove copying circumstantially, which requires "(1) evidence that the defendant had access to the plaintiff's copyrighted work (enough to support a reasonable inference that the defendant had an *opportunity* to copy); and (2) evidence of a [probative] similarity between the plaintiff's work and the defendant's work (enough to support a reasonable inference that copying *in fact* occurred)." *Id.* at 887 (emphasis in original). A probative similarity looks at similarities in both the protected and unprotected elements of a work. *See Signature Constr., Inc.*, 994 F.3d at 888. Protected elements include a photographer's "angle, perspective, lighting, and dimension." *UIRC-GSA Holdings*, 90 F.4th at 913. Common elements, like "the cars in a car chase, the kiss in a love scene, the dive bombers in a movie about Pearl Harbor, or for that matter the letters of the alphabet in any written work," cannot alone support a claim for copyright protection. *Schrock v. Learning Curve Int'l, Inc.*,

8

586 F.3d 513, 522 n.5 (7th Cir. 2009) (quoting *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 929 (7th Cir. 2003)).

Defendants contend that Sun cannot show that they had access to her work. The access requirement can be satisfied by showing that the copyrighted work was sent directly to the defendant or a close associate of the defendant, or that the copyrighted work was so widely disseminated that the defendant can be presumed to have seen it. *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099–1100 (7th Cir. 2017). There is no evidence that the copyrighted work was sent directly to defendants or to a close associate of theirs. Instead, Sun says that the "SU.CHENY products have been widely promoted, … utilizing my SU.CHENY Works." But just stating that her products have been widely promoted is insufficient to prove access. Mere internet presence, without more, cannot "justify an inference that the defendant accessed those materials." *Id.* at 1108. But that is all that Sun puts forward as evidence that defendants have accessed her work. Sun cannot show access.

There are, however, unusual situations where an accused work "may bear such 'an uncanny resemblance' to a copyrighted work that copying is 'the only plausible explanation' for the similarity." *Signature Constr.*, 994 F.3d at 887–88 (quoting *Lexington Homes*, 858 F.3d at 1100). In such a case, the similarity is "so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded." *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984). In that case, further proof of access is not required, and actual copying is also proven. *Signature Constr.*, 994 F.3d at 887–88; *Selle*, 741 F.2d at 901 ("If the plaintiff presents

9

evidence of striking similarity sufficient to raise an inference of access, then copying is presumably proved simultaneously."). This is the unusual case where copying is "the only plausible explanation" for the similarity between two photos. The photos here are the exact same in subject matter, perspective, and angle. The photos are of identical shoes in identical positions taken from identical angles, with the same backgrounds and perspectives. The only difference is the lighting—and even then, not in every photo—but "[v]ariants that result from tinkering with a copied form are derivative works from that form, and it is a copyright infringement to make or sell a derivative work without a license from the owner of the copyright on the work from which the derivative work is derived." *Bucklew*, 329 F.3d at 930. To the extent that any variations in the lighting of the actual picture was done, it was a variant of Sun's copyrighted work. Sun has proved access and copying in fact.

Photograph 1

 

| Plaintiff Sun | Defendant Xie d/b/a Garment Outlets |



Defendant Xie d/b/a Trendyshow



Plaintiff Sun



Defendant Fang d/b/a Fashionforgirls



Defendant Fang d/b/a Qian Ni Trade



Plaintiff Sun



Defendant Fang d/b/a Beautyfactory

Photograph 2



Plaintiff Sun



Defendant Xie d/b/a Garment Outlets



Defendant Xie d/b/a Trendyshow



Defendant Fang d/b/a Fashionforgirls



Plaintiff Sun



Defendant Fang d/b/a Qian Ni Trade



Defendant Fang d/b/a Beautyfactory

But not all copying is necessarily infringement. *Signature Constr.*, 994 F.3d at
887. Once Sun shows "actual copying," then she also needs to show "substantial

similarity" between the defendant's work and the protected elements in the plaintiff's copyrighted work. *Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502, 503 (7th Cir. 2021). The test for substantial similarity, the "ordinary observer" test, is an objective one, and the court considers "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Lexington Homes*, 858 F.3d at 1101 (quoting *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 509 (7th Cir. 1994)); *id.* (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) ("two works are substantially similar where an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.'"). The fundamental question is whether the "two works share *enough unique features* to give rise to a breach of the duty not to copy another's work." *Id.* (quoting *Peters v. West*, 692 F.3d 629, 633–34 (7th Cir. 2012)) (emphasis in original).

Here, I look to the protectable elements of the works. And in all aspects bar one—the lighting of the photographs—the photos are identical. The angle of the foot in the shoe in each photo, the perspective of the photographer, the dimension of the shoe in the frame in each photo—all show that for both works, the defendants' photographs share enough unique features that it is clear the copying constituted an "improper appropriation." *Kersteins Homes & Designs*, 1 F.4th at 503. Defendants did not independently take or create the images. No reasonable jury could possibly find

14

them to be unidentical or coincidental. I find the photos are substantially similar and a reasonable ordinary observer could not possibly conclude otherwise. Summary judgment is granted as to Sun's Copyright Act claim.

b.     Digital Millenium Copyright Act

The Digital Millenium Copyright Act bars the intentional removal or alteration of any copyright management information without the authority of the copyright owner or the law. 17 U.S.C. § 1202(b)(1). Copyright management information is "information conveyed in connection with copies … of a work … or displays of a work, including in digital form," including the "name of, and other identifying information about, the author of a work" or "the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c)(2)–(3).

The appellate courts that have interpreted the intent requirements under Section 1202(b) all concluded that these sections contain a "double scienter requirement." *Victor Elias Photography, LLC v. Ice Portal, Inc.*, 43 F.4th 1313, 1319–20 (11th Cir. 2022); *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 172 (2d Cir. 2020); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018); *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 926–27 (6th Cir. 2003). The statute's plain language supports this reading. *See Nawara v. Cook County*, 132 F.4th 1031, 1035 (7th Cir. 2025) (in interpreting a statute, the court's "proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself").

First, the statute bars "*intentionally* removing or altering any copyright management information" without the "authority of the copyright owner or the law."

15

17 U.S.C. § 1202(b)(1) (emphasis added). The first scienter element requires the defendant to intentionally remove or alter copyright infringement without the authority of the copyright owner or the law. While Sun has shown that the copyright management information—the "su.cheny" watermark—was removed from the photos, she has not shown that defendants themselves removed the watermark. Taking the facts in the light most favorable to the defendants, the defendants received copies of the photographs without the "su.cheny" watermark from their supplier and did not remove any watermarks themselves. [430] ¶¶ 28, 30. There is a genuine dispute of a material fact—the defendants' knowledge and intent—as to this first scienter element.

Second, the statute bars the removal or alteration of copyright management information "knowing, or … having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b). The second scienter element requires that the defendant know or have reason to know that the removal or alteration of copyright management information will "induce, enable, facilitate, or conceal an infringement." The use of the word "will" "indicates a degree of likelihood or certainty." *Victor Elias Photography*, 43 F.4th at 1319–20. "To avoid superfluidity, the mental state requirement in Section 1202(b) must have a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringement 'will' be affected are necessary." *Stevens*, 899 F.3d at 674. Sun has put forward no evidence and makes no argument about this second scienter requirement. Because she has not proved

Section 1202(b)'s second scienter requirement, the defendants' intent is disputed. Summary judgment is denied on Sun's Digital Millenium Copyright Act claim.

c.    Affirmative Defenses

Sun also seeks summary judgment on the affirmative defenses raised in defendants' answer.

First, Sun notes that the absence of notice of trademark registration defense is not applicable as she no longer brings a Lanham Act claim. Defendants ask the court to grant leave to amend their answer to correct any defects. Because defendants recognize that the defenses are not applicable, and because there is no pending trademark claim, I strike defendants' absence of notice of trademark registration defense. Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading an insufficient defense … on its own.").

Sun next argues that the defenses of non-infringement, no immediate or irreparable harm for injunctive relief, and no statutory damages or attorneys' fees are "unsupported denials of allegations in the [third amended complaint] and should be denied as a matter of law for the same reasons" her motion for summary judgment should be granted. [400] at 8. Sun also says that the defense of "absence of copyright symbol" is insufficient at law, and only serves to buttress defendants' innocent infringement defense, which also fails as a matter of law.

To the extent that Sun moves for summary judgment on these affirmative defenses based on the sufficiency of the pleadings, she could have raised these arguments at the Rule 12 stage of the case. At this stage, where liability has been

established and no affirmative defenses defeat summary judgment on liability under the Copyright Act, there is no need to resolve plaintiff's motion on the affirmative defenses. As to the defenses that relate to remedies, I address defendants' cross-motion on remedies below.

Finally, Sun argues that defendants have waived the defenses of personal jurisdiction and insufficient service of process. The Federal Rules of Civil Procedure provide that a party waives a defense of lack of jurisdiction or insufficient service of process if the party fails to either "make it by motion under this rule" or "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B). Because defendants raised the defenses in their responsive pleadings, they were not initially waived. However, these defenses may later be waived by litigating the case on the merits. *Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010). This case has been pending for nearly six years. Defendants never filed a motion to dismiss the case based on these defenses. Instead, defendants actively participated in lengthy and contentious discovery and have responded to the motion for summary judgment on the merits. *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993). These defenses have been waived.

### 2. *Defendants' Motion*

Defendants move for partial summary judgment on the issue of damages. First, defendants say that Sun cannot recover statutory damages on her copyright claim. Second, defendants contend that Sun is precluded from recovering disgorgement of defendants' profits as a matter of law. Finally, defendants say that Sun is barred from recovering actual damages.

18

a.    Statutory damages under the Copyright Act

The Copyright Act allows a copyright owner to elect to recover an award of statutory damages instead of actual damages and profits for a claim of copyright infringement. 17 U.S.C. § 504(c)(1). Section 412 of the Act prohibits an award of statutory damages for "any infringement of a copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). There is no dispute that Sun's photographs were first published in January 2016, or that the effective date of the copyright of the photographs is July 11, 2018. [406] ¶¶ 3–5; [407] ¶ 5; [430] ¶¶ 1–2. Sun's registration was made more than three months after she first published her work. The question is whether defendants commenced their infringement before July 11, 2018.

Defendants submit affidavits and business records that support their claim that they posted the infringing photos before July 11, 2018. Defendant Xie's affidavit states that she owns, operates, and is the custodian of business records for two online stores, Garment Outlets and Trendyshow. [403-1] at 2 (¶ 2). Attached to the affidavit are copies of select sales records from Xie's stores, which she says are "true and correct copies" of the records that are kept in the ordinary course of business of the stores. [403-1] at 2 (¶ 3). Xie says that the sales records identify the sales of wedding shoes, and the product listings for those shoes include the infringing photos and a description of the products. [403-1] at 3 (¶¶ 4–5). She notes that the sales records show that she started selling the shoes through that product listing as early as

19

February 28, 2017. [403-1] at 3 (¶ 5). Not referring to the spreadsheets, she says that the "product listings were first posted online by the stores at least as early as February 28, 2017" and included the photos of the wedding shoes and a description of the products. [403-1] at 3 (¶ 5).

The attached spreadsheet appears to be the transaction history from Wish.com for the sale of a specific set of shoes. [403-1] at 6–20. The spreadsheet shows that a pair of shoes were paid for on April 1, 2017. [403-1] at 8. Sun disputes the dates on the lefthand column, because it simply says "Date" and does not specify what the date refers to. However, the "paid on" date indicates the sale was made at least by April 1, 2017, still well before the July 2018 registration date.

Defendant Fang's affidavit states that she owns, operates, and is the custodian of business records for three online stores, Fashionforgirls, Beautyfactor, and Qian Ni Trade. [403-1] at 22 (¶ 2). Attached to the affidavit are copies of select sales records from Fang's stores, which she says are "true and correct copies" of the records that are kept in the ordinary course of business of the stores. [403-1] at 22 (¶ 3). Fang says that the sales records identify the sales of wedding shoes, and the product listings for those shoes include the infringing photos and a description of the products. [403-1] at 23 (¶¶ 4–5). She notes that the sales records show that she started selling the shoes through that product listing as early as January 22, 2017. [403-1] at 23 (¶ 5). She says that the "product listings were first posted online by the stores at least as early as January 22, 2017" and included the photos of the wedding shoes and a description of the products. [403-1] at 23 (¶ 5).

The attached spreadsheet appears to be the transaction history for the sale of a specific set of shoes from Wish.com. [403-1] at 26–59. The spreadsheet shows that a pair of shoes were paid for on March 1, 2017. [403-1] at 8. Sun again disputes the import of the lefthand column that reads "Date." But the "paid on" date indicates the sale was made at least by March 1, 2017, before the July 2018 registration date.

Sun also disputes that these records are admissible as business records and argues that they cannot be used in support of defendants' motion for summary judgment. However, although record materials must be admissible as evidence at trial, "the form produced at summary judgment need not be admissible." *Igasaki v. Ill. Dep't of Fin. & Prof. Reg.*, 988 F.3d 948, 955–56 (7th Cir. 2021) (internal quotation omitted). If the *content* is admissible, that is sufficient evidence at the summary judgment stage. *Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 420 (7th Cir. 2016). Records of sales are the type of record admissible under the business records exception as conducted in the regular course of business. Fed. R. Evid. 803(6); *see, e.g.*, *United States v. Lawrence*, 934 F.2d 868, 870–72 (7th Cir. 1991).

Sun challenges the records because they appear to be from Wish.com and were not authenticated by anyone from the Wish platform. "[A] record created by a third party and integrated into another entity's records is admissible as a record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied." *Smith v. SEECO, Inc.*, 922 F.3d 406, 412–13 (8th Cir. 2019) (quoting *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010) (collecting cases)); *United States v. Adefehinti*, 510 F.3d 319,

326 (D.C. Cir. 2007) ("a record of which a firm takes custody is thereby 'made' by the firm within the meaning of the rule (and thus is admissible if all the other requirements are satisfied)"); *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1342–43 (Fed. Cir. 1999); *MRT Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998).

While Xie and Fang's affidavits are not enough to admit the records at trial, they are sufficient to show that the record materials would be admissible at trial with the right foundation. And even if the defendants needed a Wish custodian, Xie and Fang have the tools to subpoena one, at which point, the records would clearly be admissible even under Sun's more stringent proposed business records exception standard. Because the sales records are business records that would be admissible at trial, I consider them.

The records show that both Xie and Fang posted the infringing photos on their product listings in early 2017, after Sun had published the photos and over a year before the effective date of the copyright registration of Sun's photos. Sun is not entitled to statutory damages.

Even if I do not consider the records, Xie and Fang's statement of facts and statement of additional facts and their affidavits provide enough evidence on their own that the defendants listed the products in 2017, and the product listings included the infringing photos. [403-1] at 3 (¶ 5), 23 (¶ 5); [406] ¶¶ 9–10, 15–16 (both defendants "posted the alleged infringing photographs as part of a product listing" for shoes that are depicted in Sun's photographs); [430] ¶¶ 6–7, 12–13 (same). Sun

submits nothing to contradict these statements in Xie and Fang's affidavits. There is no genuine dispute that Xie and Fang both commenced their infringement after Sun published her photographs and before she registered them more than three months after she published them. Sun is barred from recovering statutory damages.

b.    Profits

Sun, in the alternative, seeks disgorgement of any profits defendants have made from the sales of shoes that used her copyrighted photographs in the product listing. A plaintiff who has proved copyright infringement may recover "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). To establish profits, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). In addition, "a plaintiff must show a causal nexus between the infringement and the gross revenues." *Bell v. Taylor*, 827 F.3d 699, 710 (7th Cir. 2016).

A copyright holder can seek either direct or indirect profits from infringement. *See Bucklew*, 329 F.3d at 933. Direct profits are those made directly from selling or licensing an infringing product. Both parties agree that defendants have not done so, and so Sun seeks indirect profits—profits from the sale of *non*-infringing products that were caused by the infringement itself. *Id.*

The only evidence Sun has put forth about profits is a response to an interrogatory, which claims that defendants "derived at least $88,682.33 from sales

of products not approved by or originating with plaintiff by utilizing plaintiff's copyrighted protected works without her knowledge or permission." [406] ¶ 35. But Sun has not shown how the $88,682.33 was connected in any way to the infringing photos. Each listing contains the infringing photos but also other photos of the shoes and a written description of the shoes, and Sun makes no attempt to show that the two infringing photos were the reason consumers bought the shoes. She does not show that sales increased after the photos of the shoes were posted, or that sales decreased after the photos of the shoes were taken down. There is no evidence whatsoever about how the sales of the shoes were connected to Sun's copyrighted photographs. Sun has not shown a causal nexus between the infringement and defendants' indirect profits. Summary judgment is granted on defendants' motion regarding profits.

### c. Actual damages

The Copyright Act also guarantees that a copyright owner "is entitled to recover the actual damages suffered by him or her as a result of the infringement." 17 U.S.C. § 504(b). Actual damages are "usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Bell*, 827 F.3d at 709 (internal quotation omitted). To survive summary judgment of an actual damages claim, the copyright owner must show the fair market value of the work. *Id.*

Sun does not show any evidence of actual damages or the fair market value of her work. She does not show lost profits or loss of value of the copyrighted work due to the infringement. Her only evidence in support of actual damages is the same

24

evidence she used to support disgorgement of defendants' profits: that defendants made $88,682.33 from selling shoes using her photographs. This does not provide evidence of actual damage to Sun or the value of her work. Without any sort of evidence that she was harmed by the infringement, she cannot recover actual damages. Summary judgment is granted on defendants' motion regarding actual damages.

## IV. Conclusion

Plaintiff's motion for sanctions, [434], is denied. Plaintiff's motion for summary judgment, [400], is granted in part and denied in part. Summary judgment is granted on her Copyright Act claim and denied on her Digital Millenium Copyright Act claim. Defendants' motion for summary judgment on damages, [402], is granted. A status hearing is set for September 17, 2025, at 9:30 a.m. at which time the court will set the case for trial on the remaining claim and equitable relief. Lead trial counsel for the parties must appear in person.

ENTER:

Manish S. Shah
United States District Judge

Date: August 27, 2025